**Bruce KING et al., Plaintiffs-Appellees,**

v.

**Edwin W. JONES et al., Defendants-Appellants.**

**No. 71-1094.**

United States Court of Appeals,
Sixth Circuit.

Oct. 22, 1971.

Thomas V. Martin, Asst. Atty. Gen., Columbus, Ohio, for defendants-appellants; William J. Brown, Atty. Gen., Columbus, Ohio, on brief.

Craig Spangenberg, Cleveland, Ohio, for plaintiffs-appellees; Spangenberg, Hasenflue, Shibley & Traci, Cleveland, Ohio, on brief; Stanley K. Laughlin, Jr., Michael E. Geltner, Columbus, Ohio, of counsel.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This case arises out of the tragedy that occurred on the campus of Kent State University, Kent, Ohio, during the week-end of May 1–4, 1970. Four students were killed and nine others were wounded when Ohio National Guard troops fired guns loaded with live ammunition into a crowd of students. Both the University and the surrounding community in Portage County were plunged into a period of crisis.

On September 14, 1970, pursuant to an order by the Governor of Ohio, a special grand jury was convened in Portage County Court of Common Pleas.[1] On September 5 the Common Pleas Court issued an order providing that witnesses, prospective and selected jurors and persons summoned but excused from serving as special grand jurors were forbidden to participate in interviews and from making statements for publication.

During the session of the grand jury, telephone threats were made upon the

---

1. The actions of the grand jury are involved in the companion case of Hammond v. Brown, 450 F.2d 480 (6th Cir.), aff'g, 323 F.Supp. 326 (N.D.Ohio).

lives of a Common Pleas Judge and two special counsel for the State. Telephone threats also were made concerning the destruction of the courthouse. On October 14, 1970, the Common Pleas Court issued an order which in substance prohibited picketing and demonstrating relating to the proceedings of the Grand Jury on the premises of the courthouse and the streets immediately adjacent to the courthouse building.

Pursuant to his opinion published at 319 F.Supp. 653, the District Judge issued an injunction against the judges of the Court of Common Pleas restraining them from enforcing the order of September 5 relating to witnesses and the entire order of October 14, as amended, holding that both orders are overly broad and in violation of the First Amendment. Reference is made to the opinion of the District Judge for a more detailed recitation of the facts. This appeal is by the State Judges and the Sheriff of Portage County.

Appellants contend that the order forbidding witnesses from making statements for publication was required by Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600, and is in conformity with "Free-Press—Fair-Trial" Report to the Judicial Conference of the United States, 45 F.R.D. 391, and the Fair-Trial—Free Press standards adopted by the American Bar Association, 54 A.B.A.J. 343, 350. Appellants further contend that the order forbidding picketing in and near the courthouse is valid under Cox v. Louisiana, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487, and McLucas v. Palmer, 427 F.2d 239 (2d Cir.), aff'g, 309 F.Supp. 1353 (D.Conn.).

Appellants also assert that the injunction issued by the District Court is in violation of the anti-injunction statute, 28 U.S.C. § 2283.

Appellees argue that the District Court was correct in holding both orders to be overly broad and to have a chilling effect on freedom of speech under Dombrowski v. Pfister, 380 U.S. 479, 85 S. Ct. 1116, 14 L.Ed.2d 22, and other decisions cited in opinion of the District Court.

We do not find it necessary to reach these questions in disposing of the present appeal.

The record shows that prior to filing this action in the District Court none of the parties made written application to the Court of Common Pleas of Portage County to have either of the orders modified or dissolved.[2] This is the "way to raise that question." Walker v. City of Birmingham, 388 U.S. 307, 317, 87 S.Ct. 1824, 18 L.Ed.2d 1210.

Whether or not the orders of the Court of Common Pleas were overly broad, we hold that plaintiffs were required under the facts of this case to afford the State court judges an opportunity to modify or dissolve the orders before seeking relief in the federal courts. *See* Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 297, 90 S.Ct. 1739, 26 L. Ed.2d 234; Appalachian Volunteers Inc. v. Clark, 432 F.2d 530, 537–538 (6th Cir.).

This conclusion is in harmony with the "long-standing public policy against federal court interference with state court proceedings." Younger v. Harris,

2. Following the release of the grand jury report, the President of Kent State University made oral application for modification of the September 5 order with respect to himself. However, the record reflects that the limited modification made by Common Pleas Judge Jones was acceptable to President White's attorney; no written application was filed and no further attempts were made to seek modification or dissolution of the order before the federal court action had been commenced.

There appear to have been no applications in the State court for modification or dissolution of the October 14 order.

401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L. Ed.2d 669.

The order of the District Court granting the injunction is vacated. Reversed and dismissed. No costs are taxed.