8

Brown, Appellant, *v.* Lamb et al., Appellees.

(No. 73-158—Decided October 17, 1973.)

*Mr. Merritt W. Green, Sr.,* for appellant.
*Mr. Harland M. Britz* and *Mr. J. Eugene Farber,* for appellees.

*Per Curiam.* This case is before us pursuant to the allowance of a motion to certify the record, and represents an action filed for the recovery of attorney fees. It has had a long and unusual history in the courts. We allowed the motion to certify because, in spite of the age of the litigation, it concerns the erroneous denial of a day in court for the appellant.

The journal entry in the Court of Appeals sets out the following pertinent facts:

"On March 24, 1969, the case was, after publication in the Toledo Legal News, dismissed for want of prosecution. Plaintiff's counsel was actually aware of the dismissal by April 4, 1969. On July 27, 1970, plaintiff filed a motion to vacate the dismissal entry of March 24, 1969. On October 5, 1970, the trial court, without an evidentiary hearing, vacated the entry of March 24, 1969. On October 8, 1970, a motion for rehearing was filed, and on October 22, 1970, the order of October 5, 1970, was suspended until a rehearing was had. On December 6, 1971, the rehearing was held by a visiting judge, and on March 6, 1972, the trial court, consisting of the visiting judge, held that the evidence or

proof from the record was insufficient to warrant reinstatement of the case and that the plaintiff failed to pursue his claim with diligence. See trial court's opinion and journal entry.

"In its entry the trial court held the dismissal for want of prosecution valid, regularly made and according to law, and the dismissal order of March 24, 1969, for want of prosecution was reinstated and the order of October 5, 1970, was vacated."

The above-mentioned order of October 5, 1970, reads as follows:

"This matter came on to be heard upon the motion of the plaintiff to vacate this court's order of March 24, 1969, dismissing said cause for want of prosecution.

"The matter was heard upon the arguments of counsel and memoranda filed herein.

"This case was filed in 1959, and this court inherited the case in 1965 from its predecessor on the bench. The docket, journal entries and correspondence in the file speak sadly for themselves.

"To compound the problem, this court erred in inadvertently ordering the cause dismissed for want of prosecution. The bailiff was ordered to publish a list of cases for dismissal older than a certain number on court's docket. On the day of the calling of the published dismissal lists, the plaintiff failed to appear and the court, having only the list in front of him, ordered the dismissal upon journal entry prepared by the clerk. The court signed the dismissal entries in a group of other entries as a routine matter.

"The plaintiff is correct that this case was to remain on the inactive list since the issue was being tried in Washington, D. C. Plaintiff is correct that by letter and phone calls the court was advised of the status of the Washington case.

"When the case was finally decided in Washington by a jury, the judge in the Washington case set aside the jury's substantial verdict on the ground that the statute of limitations prevented recovery and said court was upheld on appeal.

"The statute of limitations is not in issue in the case in this court.

"The court was aware of all those matters and still inadvertently ordered the dismissal entry and signed it.

"It is the belief of the court that it has the inherent right to correct its own error which would work an injustice on a party in denying said party the right to litigate a substantive right.

"Further under the new Ohio Civil Rule 61 it is apparent that the intent of Rule 61 is that justice should be done as to the substantive rights of the parties involved.

"It is therefore ordered that the judgment entry of March 24, 1969, dismissing this case for want of prosecution be vacated, set aside and held for naught.

"It is the further suggestion that the defendant, unless he appeals this order, file a 'speaking' motion under the new Ohio Civil Rules to test the issue of *res judicata* and estoppel by judgment.

"Counsel are referred to *LaBarbera* v. *Batsch*, 10 OS (2d) 106. Since the plaintiff in this case chose his forum on the exact issues and was aware of the filing dates said doctrines may apply.

"Cause ordered placed on November 1970 pretrial list."

Appellees' complaint that the motion to vacate was improper and not timely filed is not well taken. The vacated judgment was irregularly obtained (R. C. 2325.01[C]), and appellant correctly sought its vacation by filing a motion (R. C. 2325.04) within the time permitted by R. C. 2325.10.[1]

In the rehearing of the cause, the visiting judge refused to permit the introduction of testimony from the original trial judge, held that a trial of the case upon its merits was barred by the principles and progeny of *res judicata*, found the vacating order to have been erroneously granted

---

[1]In view of the unique state of the docket, journal entries and other portions of the record from the trial court, we deem it necessary to regard the various trial court filings as being governed by statute as opposed to the Civil Rules.

and entered a final order reinstating the dismissal order of March 24, 1969.

The Court of Appeals, by a divided vote, did not rule upon the assignment of error regarding *res judicata*,[2] declared an abandonment of his cause of action by appellant and affirmed the judgment of the trial court.

In our opinion, the trial court abused its discretion and committed error prejudicial to the appellant in suspending its order of October 5, 1970; errors which occurred in subsequent proceedings could not have transpired but for that abuse. The record establishes that the order vacating the entry of dismissal was properly entered and should not have been reheard by the assigned judge.

We also note that the case of *LaBarbera* v. *Batsch* (1967), 10 Ohio St. 2d 106, 227 N. E. 2d 55, is distinguishable upon its facts from the instant case, is not dispositive of the issue involving *res judicata* and should not have been relied upon for that purpose below.

The judgment of the Court of Appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[2] A violation of App. R. 12(A). See *Smith* v. *Jaggers* (1973), 33 Ohio St. 2d 1, 292 N. E. 2d 641.