**LAMB ENTERPRISES, INC., et al.,
Plaintiffs,**

**v.**

**Honorable George N. KIROFF et al.,
Defendants.**

**No. C 74–378.**

United States District Court,
N. D. Ohio, W. D.

Sept. 2, 1975.

410

Robert B. Gosline, Shumaker, Loop & Kendrick, Toledo, Ohio, for plaintiffs.

Merritt W. Green, Sr., T. Scott Johnston, Hayward, Cooper, Straub, Walinski, Cramer & Co., Toledo, Ohio, for defendants.

OPINION and ORDER

WALINSKI, District Judge:

In this "full faith and credit" case, this Court is asked to end litigation which was begun sixteen years ago, which has been fought and tried in the federal district court in the District of Columbia to the United States Supreme Court, which has also been through the

courts of the State of Ohio to the Ohio Supreme Court twice, and which now threatens to be tried all over again, this time in the Common Pleas Court of Lucas County. This Court is understandably somewhat diffident about being drawn into this seemingly limitless lawsuit, for it seems that no order entered in this dispute goes without question, delay, reconsideration, rehearing and, oft-times, revision of reversal. Still, the Court's power has been invoked; rights have been asserted under the federal constitution; and evidence has been adduced—all of which require a decision.

### FINDINGS OF FACT

Brown first sued Lamb in Lucas County, Ohio, in 1959. He sought to recover compensation for legal services rendered in connection with proceedings before the Federal Communications Commission for the renewal of a license to operate a television station in Erie, Pennsylvania. These proceedings stretched from 1954 to 1957 during which Brown is said to have rendered extensive legal services on behalf of Lamb, who had been assailed as being a member of the Communist Party and whose qualifications to hold a broadcast license were said to have been thereby thrown into question. The Ohio lawsuit dragged on for nearly four years without coming to trial.

However, in 1963 Brown began again on a new front in the District of Columbia. Apparently, while sojourning there, Lamb was served with process; and a suit raising exactly the same claims was begun in the United States District Court for the District of Columbia. That court denied a motion to quash service on November 12, 1963. It appears that Lamb somewhat frequently transacted business in Washington, and thus that district was not an inappropriate forum for Lamb to defend in.

After this motion to quash was decided, the Lucas County Court placed the cause on its "inactive list until further order of [the] court." No reason was given, but it may be inferred that Brown had elected to proceed with his claims in the federal court and had so advised the Ohio Common Pleas Judge. This election must be presumed to have been knowing and intelligent even though Brown, a lawyer, knew that he also faced a severe statute of limitations problem in the District of Columbia which he did not have in Ohio.

The case in Washington proceeded to trial in the latter part of October, 1967; and a jury returned a verdict in favor of Brown on November 1, 1967, awarding him $400,000 in damages. However, on December 22, 1967, Judge Matthews of the federal district court entered judgment *non obstante veredicto* in favor of Lamb. It appears that the judgment n. o. v. was granted on the basis that Brown had failed to adduce sufficient evidence as to facts which would take the case out of the D. C. Statute of Limitations, 12 D.C.Code, § 301(7) (1967). Brown had contended that Lamb should be equitably estopped from asserting the bar of the statute because Lamb had lulled Brown into inaction by assurances which were said to have continued over a period of several years.

In any event, Brown appealed the judgment n. o. v. to the United States Court of Appeals for the District of Columbia Circuit which affirmed the lower court. *Brown v. Lamb,* 134 U.S.App.D. C. 314, 414 F.2d 1210 (1969). The United States Supreme Court denied certiorari, 397 U.S. 907, 90 S.Ct. 904, 25 L.Ed.2d 88 (1970).

During the conduct of the Washington lawsuit, Brown was pressed in both fora to proceed with both lawsuits. At one point the federal judge required Brown to go forward in federal court or dismiss his case there and noted the problem of the statute of limitations. In Ohio Brown's case was listed for dismissal several times, was activated and placed on pretrial lists and was again placed on the inactive list January 29, 1968. Lamb also moved several times to get the case dismissed but did not prevail.

Finally, after the federal judgment had been entered, the case in Ohio was dismissed inadvertently by Judge Kiroff on March 24, 1969. He was then asked to vacate his dismissal order, and he did so October 5, 1970, saying he had not intended that the Lamb case be dismissed but that the parties should consult *LaBarbera v. Batsch,* 10 Ohio St.2d 106, 227 N.E.2d 55 (1967), to explore the applicability of the Washington judgment which by then had become final.

Brown moved for reconsideration of the vacation order, and a visiting judge set it aside on March 6, 1972, and ordered the case dismissed. This last order was then appealed to the Court of Appeals for Lucas County which affirmed that order. Brown then appealed to the Ohio State Supreme Court which reversed the Court of Appeals[1] and sent the case back to the Common Pleas Court to be tried. In so doing, the court said:

"In our opinion, the trial court abused its discretion and committed error prejudicial to the appellant in suspending its order of October 5, 1970; errors which occurred in subsequent proceedings could not have transpired but for that abuse. The record establishes that the order vacating the entry of dismissal was properly entered and should not have been reheard by the assigned judge.

"We also note that the case of *LaBarbera v. Batsch* (1967), 10 Ohio St.2d 106, 227 N.E.2d 55, is distinguishable upon its facts from the instant case, is not dispositive of the issue involving *res judicata* and should not have been relied upon for that purpose below.

"The judgment of the Court of Appeals is reversed and the cause is remanded to the trial court for further proceedings." *Brown v. Lamb*, 36 Ohio St.2d 8, 11, 302 N.E.2d 578, 579 (1973).

Judge Kiroff has since denied a motion to dismiss the complaint. Moreover, he has granted a motion to add new parties, has permitted an amendment of the complaint, has permitted discovery to proceed, and has indicated that the cause will proceed to trial. Lamb, however, has since filed the present suit asking this Court to enjoin any further proceedings in the state court and to enjoin permanently the case from being tried therein.

At the hearing on the motion for a preliminary injunction, this Court received the documentary evidence establishing the above facts. Pursuant to Rule 65(a)(2), Federal Rules of Civil Procedure, the hearing on the preliminary injunction was also consolidated with trial on the merits, upon the stipulation of the parties.

The Court finds that Brown's election to proceed to trial in Washington, while urging the Ohio court to hold his case inactive, was done with a purpose to force relitigation in Ohio if he lost in Washington and that the present Ohio suit constitutes a relitigation of the federal suit.

## CONCLUSIONS OF LAW

Jurisdiction of this Court is properly invoked pursuant to 28 U.S.C., § 1343(3), and venue is proper in this Court. Plaintiffs claim a right to relief under 28 U.S.C., § 1738, and 42 U.S.C., § 1983.

There is no question that the Full Faith and Credit Clause, U. S. Constitution, Art. IV, § 1, and its implementing statute, 28 U.S.C., § 1738, create rights which plaintiff may assert.

---

1. It should be noted that the Court of Appeals failed to rule on Lamb's argument that the case was barred by the doctrine of res judicata. Therefore, it would appear that the res judicata issue was not actually before the Ohio Supreme Court and that any comment by the Supreme Court on that issue was more in the nature of obiter dicta. Nevertheless, its comments thereon undoubtedly had some influence on Judge Kiroff on that issue.

"When a state court refuses credit to the judgment of a sister state because of its opinion of the nature of the cause of action or the judgment in which it is merged, an asserted federal right is denied * * *." *Magnolia Petroleum Co. v. Hunt*, 320 U.S. 430, 443, 64 S.Ct. 208, 216, 88 L.Ed. 149 (1943).[2]

Section 1983 requires that a plaintiff show:

 a) the denial of a federally guaranteed right,

 b) by someone acting under color of state law.

*Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Ouzts v. Maryland Nat'l Ins. Co.*, 470 F.2d 790 (9th Cir. 1972).

 Therefore, since "state action" under § 1983 includes judicial action, *Mitchum v. Foster*, 407 U.S. 225, 240–2, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), this Court concludes that § 1983 is an appropriate basis on which to raise a claim that the courts of a state are denying rights asserted under the Full Faith and Credit Clause and § 1738. Moreover, there is no question that a judgment of the federal district court sitting in the District of Columbia is entitled to the same full faith and credit as would be due the judgment of a court of any state. *Embry v. Palmer*, 107 U.S. 3, 2 S.Ct. 25, 27 L.Ed. 346 (1883); *Thompson v. D'Angelo*, Del., 320 A.2d 729 (1974).

 It is further beyond dispute that § 1983 authorizes injunctions to prevent the denial of rights guaranteed by federal law, *Mitchum v. Foster, supra*, at least in some instances. However, where a federal court is asked to enjoin proceedings in a state court, important considerations of comity and federalism come into play and counsel restraint.

Indeed, 28 U.S.C., § 2283, the anti-injunction statute, commands as much.

In *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the Supreme Court held that the requirements of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), also apply when a federal court is asked to enjoin at least one kind of state *civil* proceeding. In *Pursue* the district court had been asked to enjoin a state civil nuisance proceeding [3] which the Supreme Court concluded was "more akin to a criminal prosecution than are most civil cases." *Huffman v. Pursue, supra*, 420 U.S. at 604, 95 S.Ct. at 1208. The Court further said:

"For the purposes of the case before us, however, we need make no general pronouncements upon the applicability of *Younger* to all civil litigation." *Id.* at 607, 95 S.Ct. at 1209.

 Nevertheless, "informed by the relevant principles of comity and federalism," *id.*, this Court feels that *Younger* and *Pursue* require a strong and compelling showing of the pressing need for immediate federal relief whenever *any* state judicial proceeding is sought to be enjoined. This is so because the competency of state courts to vindicate federally guaranteed rights, which the court in *Pursue* was at pains to underline, requires that an important federal right be almost certainly in jeopardy of immediate loss by the very act of continuing the state proceeding in order for the federal injunction to issue.

 Here this Court finds that kind of great and immediate danger to exist. Firstly, there can be no doubt whatever that precisely the same cause of action is involved in the Ohio proceeding as was involved in the Washington case. Secondly, if the Full Faith and Credit Clause has any meaning at all, it is that litigants cannot use the federal system

---

2. *See also West Side Belt R. Co. v. Pittsburgh Construction Co.*, 219 U.S. 92, 31 S.Ct. 196, 55 L.Ed. 107 (1911), and *Titus v. Wallick*, 306 U.S. 282, 59 S.Ct. 557, 83 L.Ed. 653 (1939).

3. The State of Ohio was seeking to use the public nuisance statute, § 3767.01 *et seq.*, Ohio Revised Code, to close a movie theatre for showing motion pictures alleged to have been obscene.

to force their adversaries to defend against the same claims in seriatim proceedings in different fora after one has already gone to judgment, while at the same time attempting to shelter themselves behind federal judicial commitments to constitutionally commanded principles of comity and federalism. Permitting such relitigation in the name of federalism strips too much away from the bark of one of the most important of constitutional provisions: one which helped change our country from a loose confederation of nearly completely sovereign and independent states to a truly unified nation of shared sovereignties with mutual obligations. *Magnolia Petroleum Co. v. Hunt, supra,* 320 U.S. at 439–440, 64 S.Ct. 208.[4]

The existence of a right to an appeal of any Common Pleas judgment, it should be noted, is clearly an inadequate remedy in this case to vindicate the federal right; for it is the very right to avoid being put to such a showing in such a duplicative process which the Full Faith and Credit Clause embraces. The failure of the Ohio Court of Appeals and the Ohio Supreme Court to vindicate Lamb's res judicata claim, especially the Supreme Court's suggested denial of it, surely show the inadequacy of the state appellate remedies under the unique posture of this case. This would be so here, even if the full faith and credit right were limited to being properly asserted only, on appeal after a second trial, which it is not. Thus, it cannot be said that there is any preempting of state appellate procedure of the kind which defendants correctly say has been condemned in *Atlantic Coast Line Rd. v. Engineers,* 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

■ It is thus very clear that this Court shares plaintiffs' view that this lawsuit presents a "relitigation" case thus coming within a specific exception

to the anti-injunction statute, 28 U.S.C., § 2283. That section states:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, *or to protect or effectuate its judgments.*" [*Emphasis added.*]

Defendants argue that this Court may not reach the res judicata issue and hence the relitigation claim of plaintiffs for two reasons:

a) that the state appellate courts already have ruled as an alternate basis against res judicata and plaintiffs failed to appeal that ruling to the United States Supreme Court; and

b) the Washington judgment, being based on the statute of limitations, is one otherwise than on the merits and therefore it is only entitled to recognition as barring the remedy within the District of Columbia.

Before dealing with these contentions, it is necessary to decide whether the current proceedings in Common Pleas Court constitute relitigation so as to bring the present within the last exception in § 2283.

■ Where a suit, raising precisely the same claims as were decided in a previously adjudicated case whose judgment is final between precisely the same parties, is sought to be litigated, the second lawsuit constitutes relitigation and comes within the last exception of § 2283 and the protection of the Full Faith and Credit Clause. *See, e. g., Woods Exploration & Producing Co. v. Aluminum Co. of Amer.,* 438 F.2d 1286, 1312–13 (5th Cir. 1971); *Johnson v. Radford,* 449 F.2d 115 (5th Cir. 1971). *See also Jackson v. Carter Oil Co.,* 179 F.2d 524 (10th Cir. 1950), *cert. denied,* 340 U.S. 812, 71 S.Ct. 39, 95 L.Ed. 597 (1951). *Cf. American Mannex Corp. v.*

---

4. The ability to defend against successive lawsuits, i. e., the extent of his personal resources etc., of the one who asserts the full faith and credit right is not a factor here. The proverty or affluence of the plaintiff herein is therefore not dispositive of any issue in this case.

*Rozlands,* 462 F.2d 688 (5th Cir. 1972), *cert. denied,* 409 U.S. 1040, 93 S.Ct. 524, 34 L.Ed.2d 489 (1973).

Therefore, this Court concludes as a matter of law that the pending case before Judge Kiroff is a relitigation of the District of Columbia lawsuit and comes under the last exception in § 2283. The Court further concludes that there are no equitable or other reasons why the pending suit should not be barred, but that there are such reasons for halting further litigation. Brown elected to go to trial in Washington; having tried and failed, he cannot now try again in Ohio.

 Turning now to defendants' contentions, it is true that the Ohio Supreme Court "noted" that a previous decision by that court did not dispose of the res judicata claim. In view of the Court of Appeals' failure to decide the res judicata claim, and in view of the Supreme Court's decision on the abuse of discretion issue, it would wrench all meaning from language to regard the comment on the *LaBarbera* case as a clear holding on that issue. Even according it that dignity, however, it is clear that it left Lamb with no right to an appeal to the U. S. Supreme Court as Bullington had in *Angel v. Bullington,* 330 U.S. 183, 189, 67 S.Ct. 657, 91 L.Ed. 832 (1947). This is so because where a decision might have been *either* on a federal ground (equating *arguendo* res judicata with full faith and credit as held by *Woods Exploration & Producing Co., supra*), or on a state ground (i. e., it was an abuse of discretion for the visiting judge to set aside the vacate order), and the state ground is sufficient to sustain the judgment; the Supreme Court has held that it will not review the federal ground on appeal as of right under 28 U.S.C., § 1257, unless the state ground is too insubstantial or insuffi-

cient. *Durley v. Mayo,* 351 U.S. 277, 76 S.Ct. 806, 100 L.Ed. 1178 (1956). Moreover, the Supreme Court will not decide constitutional issues under § 1257 raised for the first time in the U. S. Supreme Court on review of a state court decision. *Cardinale v. Louisiana,* 394 U.S. 437, 89 S.Ct. 1161, 22 L.Ed.2d 398 (1969). Thus, on the one hand, Lamb could not have gotten review since the Ohio Supreme Court's state ground cannot be said to be too insubstantial, if one considers the federal claim to have been raised;[5] and on the other hand, even if it isn't considered to have been raised, Lamb could not have done so for the first time in the U. S. Supreme Court. Either way Lamb could not have gotten review in the U. S. Supreme Court. Therefore, it cannot be said that the federal question now raised by this lawsuit is foreclosed by a prior state court determination.

As to the second defense contention that a dismissal on the statute of limitations is one otherwise than on the merits, this Court feels that plaintiffs have made a compelling showing that, under the District of Columbia decisions, Brown's dismissal must be viewed as being on the merits in the District of Columbia and therefore, is entitled to full faith and credit as a bar to this Ohio lawsuit. *See* Reply Brief of Plaintiffs, filed December 4, 1974, 25–32. Within the unique facts of this case, the merits of Brown's cause of action were finally determined and put to rest with the final judgment of the Federal District Court in Washington.[6]

 In reaching this conclusion, this Court is also guided by the reasoning used by the court in *Williams v. Ocean Transport Lines, Inc.,* 425 F.2d 1183, 1187–1190 (3rd Cir. 1970). It is true that in that case the second litigation involved a federal question, i. e., an

5. Whether a federal question was sufficiently and properly raised in a state court is itself ultimately a federal question as to which a federal court is not bound by the state decision. *Street v. New York,* 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969).

6. This Court expressly rejects the reasoning and the result reached in *Brand v. Brand,* 116 Ky. 785, 76 S.W. 868 (1903).

unseaworthiness claim under the Jones Act and the amount of damages obtainable thereunder. However, the interest of Lamb in avoiding relitigation of the Washington lawsuit raised a federal question, as to which the courts of Ohio and this Court are not wholly bound by District of Columbia determinations on dismissals on the statute of limitations. *See Riley v. New York Trust Co.,* 315 U.S. 343, 349, 62 S.Ct. 608, 86 L.Ed. 885 (1942). *And cf. Durfee v. Duke,* 375 U.S. 106, 116, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). Therefore, given the right under the Full Faith and Credit Clause to avoid relitigation, this Court has concluded for itself the nature of the res judicata effect to be accorded to the decision of the federal court dismissing Brown's claims. *Williams v. Ocean Transport Lines, supra,* at 1189–1190.

Accordingly, for the foregoing reasons, it is

Ordered that defendants be and hereby are permanently enjoined from prosecuting, hearing, adjudicating or otherwise continuing with the proceedings in the case of *Brown v. Lamb, et al.,* Case No. 186753, now pending in the Common Pleas Court of Lucas County, Ohio, and that judgment be entered herein in favor of plaintiffs.