**B. COLEMAN CORPORATION, an Illinois Corporation, Individually, and as Agent of American Express Company, Inc., a New York Corporation, and as Agent of Travellers Express Company, Inc., a Minnesota Corporation, Plaintiff,**

**v.**

**Daniel J. WALKER, Governor of the State of Illinois, et al., Defendants.**

**No. 75 C 353.**

United States District Court, N. D. Illinois, E. D.

Sept. 12, 1975.

---

William Henning Rubin, Chicago, Ill., for plaintiff.

Jerome Webb, Asst. Ill. Atty. Gen., Alan L. Fulkerson, Asst. State's Atty., Donald S. Carnow, Chicago, Ill., for defendants.

## MEMORANDUM OPINION and ORDER

AUSTIN, District Judge.

Plaintiff filed the complaint[1] in this case on February 4, 1975, challenging the constitutionality of the Illinois Community Currency Exchange Act, Ill.Rev. Stat., Ch. 16½, §§ 30–56.3 (1974), and seeking an injunction to restrain Defendants from enforcing the Act against it. Plaintiff, as an agent of American Express Company and Travellers Express Company, sells money orders and cashes checks for a fee. If regulated by the Act, Plaintiff argues that it will be denied equal protection of the law.

### I.

On February 11, 1975, Plaintiff filed its application for a temporary injunction and requested that a three-judge court be convened to hear the case. Both motions were denied and the proceedings were continued. Plaintiff immediately attempted to file an interlocutory appeal, but on March 20 the Court of Appeals denied it as premature. On February 26, while the matter was before the Court of Appeals, the State's Attorney of Cook County, one of the De-

---

1. The complaint was brought in the name of B. Coleman Corporation "individually and as agent of American Express Company and Travellers Express Company," and consistently refers to all three corporations as the plaintiffs.

There is only one plaintiff, B. Coleman Corporation. Although Coleman is an agent of the express companies for purposes of the sale of their travellers checks and money orders, they were not joined as plaintiffs and are not parties to this lawsuit.

fendants, instituted criminal proceedings against Plaintiff and its officers.

 Defendants have filed motions to dismiss and argue, among other things, that the federal court may not interfere with ongoing state criminal proceedings. In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), the United States Supreme Court held that "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury." 401 U.S. at 69, 91 S.Ct. at 766. If the threat to the plaintiff's federal protected rights can be eliminated by the defense of a single criminal prosecution, there is ordinarily no irreparable injury. 401 U.S. at 46, 91 S.Ct. 746. For a federal injunction to issue plaintiff must show "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." 401 U.S. at 54, 91 S.Ct. at 755.

*Younger* differs from the case at bar in that the former involved criminal proceedings instituted prior to a federal suit, while the criminal action here was filed 22 days after Plaintiff filed its civil complaint. In two cases decided only last term, however, the Supreme Court extended application of the *Younger* principles to some federal proceedings initiated prior to a state criminal action. *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975); *Doran v. Salem Inn,* 422 U.S. 922, 95 S.Ct. 2561, 43 L.Ed.2d 648 (1975). In *Hicks* the Court held:

> Where state criminal proceedings are begun against the federal plaintiff after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force. 422 U.S. at 333, 95 S.Ct. at 2284.

The question here, then, is whether "any proceedings of substance on the merits" had taken place in the federal court before the criminal proceedings were instituted against Plaintiff and its officers. In *Hicks,* the court found no proceedings of substance where a request for a temporary restraining order had been denied and a three-judge court had been designated. In *Doran,* where the district court had denied a restraining order and set a hearing on a preliminary injunction, the Court found *Younger* applicable because the federal litigation was still in an "embryonic stage and no contested matter had been decided." 422 U.S. at 929, 95 S.Ct. at 2566.

The federal proceedings in the present case include denial of a preliminary injunction and a premature appeal therefrom. Neither federal court has conducted a substantive proceeding upon the merits of Plaintiff's constitutional claim, and no contested matter has been decided. These proceedings do not differ significantly from those in *Hicks* and *Doran.* I conclude, therefore, that the principles of *Younger v. Harris* must apply.

 Plaintiff has made no showing of bad faith, harassment, or any other unusual circumstance that would except this case from the general rule of *Younger.* If the state proceeding goes forward Plaintiff will suffer no immediate irreparable injury, and the threat to its federally protected rights can be eliminated by a successful defense. The federal court may not, therefore, enjoin the state prosecution and must abstain.

II.

The remaining issue is whether a district court judge may, without convening a three-judge court, dismiss on *Younger* grounds a complaint seeking to enjoin a state statute challenged as unconstitutional.

 Where there is no justiciable case or controversy or where there is no subject matter jurisdiction, a single judge may properly dismiss an action challenging the constitutionality of a

statute. *Ex parte Poresky*, 290 U.S. 30, 31, 54 S.Ct. 3, 78 L.Ed. 152 (1933). In *Gonzalez v. Automatic Employee Credit Union*, 419 U.S. 90, 95 S.Ct. 289, 42 L. Ed.2d 249 (1974), the Supreme Court held that lack of standing is a ground upon which a single judge may dispose of a constitutional challenge without convening a three-judge court. In its most recent decision on the subject, *MTM, Inc. v. Baxley*, 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975), the Court held that "a direct appeal will lie to this Court under [28 U.S.C.] § 1253 from the order of a three-judge court denying interlocutory or permanent injunctive relief only where such order rests upon the resolution of the merits of the constitutional claim presented below." The three-judge court in *Baxley* had dismissed the complaint on the ground that federal intervention would be improper under *Younger v. Harris*. The proper court for review in that circumstance, the Supreme Court said, is the U.S. Court of Appeals. This conclusion seems to intimate that a three-judge court is not necessary to dismiss a case on *Younger* principles. A dismissal by a properly convened three-judge court would have been directly appealable to the Supreme Court. If a plaintiff may appeal only to the court of appeals in such cases, it follows that a single district court judge could have dismissed the case.

As Mr. Justice White said, concurring in *Baxley*,

The more straightforward approach to this case would be to hold that decisions on issues other than requests for injunctive relief challenging the constitutionality of state statutes need not be made by three judges but rather are to be made or deemed to be made by single-judge courts whose decisions are appealable only to the court of appeals. 420 U.S. at 805, 95 S.Ct. at 1282.

In the same concurrence Justice White states, "Even if grounds for equitable relief are alleged in a complaint, a single judge should be able to rule on a motion to dismiss based on *Younger v. Harris* grounds." Id.

 Three-judge courts were authorized by Congress primarily to prevent a single federal judge from striking down a law that expressed the will of the people of an entire state. Whether or not this purpose remains viable today, it is not circumvented by a single judge who dismisses a case on *Younger* grounds. In such a case the judge makes no decision on the constitutionality of the statute, and he issues no injunction against its enforcement. To convene three-judge courts to determine such a preliminary matter, which no more goes to the merits than the permitted jurisdictional determination, not only would fail to further the underlying policy of the three-judge court statutes but would place an unnecessary burden on the federal judiciary.

For the reasons set forth, this case properly may be dismissed and is dismissed.

Dismissed without prejudice.