LOUISVILLE AREA INTER–FAITH COMMITTEE FOR UNITED FARM WORKERS et al., Plaintiffs-Appellants,

v.

NOTTINGHAM LIQUORS, LTD., et al., Defendants-Appellees.

No. 75–1901.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 3, 1976.

Decided Sept. 29, 1976.

J. Reuben Rigel, Clayton, Mo., Kurt Berggren, Legal Aid Society of Louisville, Inc., Louisville, Ky., for plaintiffs-appellants.

James Foley, Henry A. Triplett, Louisville, Ky., for defendants-appellees.

Before EDWARDS, PECK and LIVELY, Circuit Judges.

PECK, Circuit Judge.

On February 14, 1975, defendant-appellee State Circuit Court Judge Hubbs signed, at the request of defendant-appellee Nottingham Liquors, an order restraining plaintiffs-appellants, the Louisville Area Inter-Faith Committee for United Farms Workers ("Committee"),* from mass picketing and mass marching on or near Nottingham's business premises; the order limited the pickets to two who "shall not block any driveways or doorways to the store, nor cause or create any disturbance." The restraining order was served on the Committee on February 14, but there was no attempted service of summons until March 7, 1975.

Rather than challenge the restraining order in state court, for example, by moving to dissolve the order, see Ky. Rule Civ.P. 65.03, the Committee on February 21, 1975, filed the instant complaint in federal district court. Plaintiffs sought declaratory and injunctive relief against the restraining order, claiming that the *ex parte* issuance of the order and the order itself violated their first and fourteenth amendment rights. Plaintiffs also prayed for $2,500 in damages against Nottingham. On March 24, 1975, defendants filed a three-paragraph answer. On May 23, 1975, the district court granted defendants' motion to dismiss, "abstain[ing]" from exercising its jurisdiction because plaintiffs "may raise [their claims] in state court and pursue their remedies there and in the Kentucky appellate court if they so desire."

On appeal, plaintiffs claim that the district court erred in "abstaining" because there was no pending state court proceedings at the filing of their federal complaint on February 21, 1975, and because even if there were pending proceedings those proceedings were neither criminal (*Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 [1971]) nor sufficiently "in aid of and closely related to criminal" proceedings (*Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 [1975]) to require the district court to refrain from exercising its jurisdiction. Even if the district court properly refused to consider declaratory and injunctive relief, plaintiffs urge that the district court should have considered their damage claim. On the merits, plaintiffs argue that the state order violated their constitutional rights.

Although defendants' briefs have been of very little assistance, we have concluded that the district court properly dismissed the complaint, and we therefore affirm.

The district court and parties have used "abstention" nomenclature, but we view the refusal to consider injunctive and declaratory relief as being "equitable restraint" deriving from federalism, comity, and traditional equitable concepts. See *Puerto Rico International Airlines, Inc. v. Silva Recio,* 520 F.2d 1342, 1344 n. 4 (1st Cir. 1975); H. Hart & H. Wechsler, The Federal Courts & the Federal System 1043–1044 (1973). Because federal courts are reluctant to interfere with state court proceedings, and because plaintiffs had an adequate remedy at law in state court in that state judges "are fully competent to adjudicate constitutional claims," *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975); *Huffman, supra,* 95 S.Ct. at 1211, the refusal to consider equitable relief was proper.

---

* Also named as appellants on the appellate docket sheet are Pamela Hayes and Marion King, but they have no interests apart from the Committee. In the district court, Hayes and King "sue[d] on behalf of and as representation for" the Committee, rather than on their individual behalf.

■ Plaintiffs concede that, had there been a criminal (*Younger*) or "quasi-criminal" (*Huffman*) action pending in state court on February 21, 1975, the refusal to consider equitable relief would be proper. But *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 233 (1975), and *Salem Inn, supra,* establish the applicability of the doctrine of equitable restraint even if the federal action were "commenced" prior to the state action. Accord, *Hearing Aid Ass'n. v. Bullock,* 413 F.Supp. 1032 (E.D.Ky., filed March 10, 1976); *B. Coleman Corp. v. Walker,* 400 F.Supp. 1355 (N.D.Ill.1975). Even accepting plaintiffs' claim that the state proceedings were not "commenced" for *Younger-Huffman* purposes until the attempted service of the summons on March 7, 1975, there had been no "proceedings of substance on the merits . . . in the federal court" as of March 7, 1975. *Hicks, supra,* 95 S.Ct. at 2292. In fact, the federal proceedings were then "in an embryonic stage [with] no contested matter ha[ving] been decided." *Salem Inn, supra,* 95 S.Ct. at 2566.

■ Moreover, we view the policy factors underlying equitable restraint, *to wit,* federalism, comity, and the adequacy of plaintiffs' remedy at law in state court, as mandating equitable restraint here, White, J., dissenting in *Lynch v. Household Fin. Corp.,* 405 U.S. 538, 561, 92 S.Ct. 1113, 1126, 31 L.Ed.2d 424 (1972), Rehnquist, J., in *Cousins v. Wigoda,* 409 U.S. 1201, 1205–1206, 92 S.Ct. 2610, 34 L.Ed.2d 15 (1972); *Lamb Enterprises, Inc. v. Kiroff,* 399 F.Supp. 409, 413 (N.D.Ohio 1975), even though the state proceedings are neither criminal (*Younger, supra*) nor "in aid of and closely related to criminal statutes," such as the obscenity nuisance proceedings in *Huffman, supra,* and *Sanders v. McAuliffe,* 364 F.Supp. 654 (N.D.Ga.1973), the medical advertising ban proceedings in *Terminal-Hudson Electronics, Inc. v. Dep't of Consumer Affairs,* 407 F.Supp. 1075 (C.D.Cal.1976) (three-judge court), the bar disciplinary proceedings in *Anonymous v. Association of the Bar,* 515 F.2d 427 (2d Cir. 1975), and *Goodrich v. Supreme Court,* 511 F.2d 316 (8th Cir. 1975), or state-initiated injunction proceedings against unlawful danger-producing acts in *Duke v. State of Texas,* 477 F.2d 244, 249–251 (5th Cir. 1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874 (1974).

Interference in state civil proceedings, like interference in state criminal or quasi-criminal proceedings, would preclude state courts "the opportunity to resolve federal issues arising in [state] courts," *Huffman, supra,* 95 S.Ct. at 1211, and would ". . . be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles." *Steffel v. Thompson,* 415 U.S. 452, 462, 94 S.Ct. 1209, 1217, 39 L.Ed.2d 505, 516 (1974). See *Cicero v. Olgiati,* 410 F.Supp. 1080, 1089–1090 (S.D.N.Y.1976). Such interference would seem exactly counter to the firmly held position of this court in regard to state courts generally and in regard to the courts of the states of this circuit particularly.

Although the Supreme Court has left open the applicability of *Younger-Huffman* doctrine to general civil litigation, *Huffman, supra,* 95 S.Ct. at 1208, 1209, bolstering us in our application of *Younger-Huffman* doctrine to bar federal court interference with pending state court civil proceedings are this court's oft-expressed reluctance to interfere in state court proceedings, *see, e. g., Littleton v. Fisher,* 530 F.2d 691, 693 (6th Cir. 1976), *King v. Jones,* 450 F.2d 478 (6th Cir. 1971), *vacated as moot,* 405 U.S. 911, 92 S.Ct. 956, 30 L.Ed.2d 780 (1972), *Appalachian Volunteers, Inc. v. Clark,* 432 F.2d 530 (6th Cir. 1970), *cert. denied,* 401 U.S. 939, 91 S.Ct. 936, 28 L.Ed.2d 219 (1971), and other courts' application of *Younger-Huffman* doctrine to bar interference in state court civil proceedings. See, *e. g., Lynch v. Snepp,* 472 F.2d 769 (4th Cir. 1973), *cert. denied,* 415 U.S. 983, 94 S.Ct. 1576, 39 L.Ed.2d 880 (1974); *Cousins v. Wigoda,* 463 F.2d 603 (7th Cir.), *stay denied,* 409 U.S. 1201, 92 S.Ct. 2610, 34 L.Ed.2d 15 (1972); *Ahrensfeld v. Stephens,* 528 F.2d 193, 197 (7th Cir. 1975) (applying abstention and equitable restraint principles); *Duke, supra,* 477 F.2d at 248; *Lamb Enterprises, supra,* 399 F.Supp. 409; *Gerken v. Merriam* (No. 74C–

455, E.D.Wis., filed June 25, 1975). *But see Puerto Rico Airlines, supra,* 520 F.2d 1342. *Contra, Vail v. Quinlan,* 406 F.Supp. 951, 958 (S.D.N.Y.1976); *Hernandez v. Danaher,* 405 F.Supp. 757 (N.D.Ill.1975).

Plaintiffs' appellate brief impliedly admits that *Appalachian Volunteers, supra,* supports dismissal, but attempts to distinguish *Volunteers* by arguing that in *Volunteers* the state court proceeding clearly had been commenced prior to the federal complaint being filed and that a state court clerk, rather than state judge, signed the restraining order. See 432 F.2d at 537 n. 6. But plaintiffs apparently overlooked, thereby failing to cite, *Hicks, supra,* and *Salem Inn, supra,* undercutting their first ground of distinction, and *King, supra,* and *Snepp, supra,* undercutting their second ground.

 *Younger-Huffman* equitable restraint bars declaratory, as well as injunctive, relief where there is a pending state court proceeding. See *Kugler v. Helfant,* 421 U.S. 117, 95 S.Ct. 1524, 1533–1534, 44 L.Ed.2d 15 (1975); *Huffman, supra,* 420 U.S. at 602, 95 S.Ct. at 1207 n. 16, 43 L.Ed.2d at 491; *Samuels v. Mackell,* 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971); *Anonymous, supra,* 515 F.2d at 435. *But see Steffel, supra,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505.

Even if *Younger-Huffman* doctrine fails to support the dismissal of plaintiffs' damage claim against Nottingham, we find no error in the dismissal because plaintiffs have failed to state a 42 U.S.C. § 1983 claim against Nottingham. We do not view Nottingham's initiation of the state proceedings to be state action. See *Harley v. Oliver,* 539 F.2d 1143 (8th Cir. 1976); *Grow v. Fisher,* 523 F.2d 875 (7th Cir. 1975); *Glasspoole v. Albertson,* 491 F.2d 1090 (8th Cir. 1974); *Fallis v. Dunbar,* 386 F.Supp. 1117 (N.D.Ohio 1974), *aff'd,* 532 F.2d 1061 (6th Cir. 1976). Moreover, the federal complaint does not allege that Nottingham moved for the state court restraining order in bad faith, with knowledge that an *ex parte* restraining order would be unconstitutional, or with an improper purpose. See *Tucker*

*v. Maher,* 497 F.2d 1309, 1313–1316 (2d Cir.), *cert. denied,* 419 U.S. 997, 95 S.Ct. 312, 42 L.Ed.2d 271 (1974); *Rios v. Cessna Fin. Corp.,* 488 F.2d 25, 28 (10th Cir. 1973); *Hagopian v. Consolidated Equities Corp.,* 397 F.Supp. 934 (N.D.Ga.1975).

Affirmed.

EDWARDS, Circuit Judge, concurring in part and dissenting in part.

I concur in dismissal of this action as to the two state judge defendants.

The state court restraining order under attack in this case, however, appears to me to represent an ex parte prior restraint on First Amendment rights.[1] Under *Carroll v. Commissioners of Princess Anne,* 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968) and *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), the complaint states a § 1983 (42 U.S.C. § 1983 (1970)) cause of action over which the District Court has jurisdiction and where abstention and "equitable restraint" are inappropriate.

I would vacate the judgment of the District Court and remand for hearing, at which appellee's suggestion of mootness should first be determined.

---

1. *See Thornhill v. Alabama,* 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940).