**STATE OF OREGON, Plaintiff,**

v.

**Donna CAMERON, Defendant.**

**STATE OF OREGON, Plaintiff,**

v.

**Cliff CAMERON, Defendant.**

**STATE OF OREGON, Plaintiff,**

v.

**Merwyn R. GREENLICK, Defendant.**

**Cr. Nos. 68–163—68–165.**

United States District Court
D. Oregon.
Sept. 16, 1968.

Richard Smurthwaite, Dist. Atty., for Washington County, Oregon, Hillsboro, Or., for plaintiff.

Don S. Willner, George D. Leonard, Willner, Bennett & Leonard, Portland, Or., for defendants.

## OPINION

SOLOMON, Chief Judge:

Merwyn R. Greenlick, Cliff Cameron, and Donna Cameron, defendants in criminal trespass actions brought by the State of Oregon on the complaint of A. N. Luttrell, removed their cases to this Court pursuant to 28 U.S.C. § 1442(a). The State denies that this Court has jurisdiction and seeks to have the cases remanded.

Defendants Cliff Cameron and Donna Cameron are serving in the Volunteers In Service To America (VISTA) program. VISTA is a division of the Office of Economic Opportunity (OEO), functioning under the authority of the Director of the OEO. 42 U.S.C. § 2991 et seq., as amended by Pub.L. 90–222, Dec. 23, 1967.

Defendant Merwyn R. Greenlick is the unpaid supervisor of the Camerons.

Defendants' uncontradicted affidavits state that Antonio and Juana Guzman, migratory farmworkers, requested defendants to come to their residence on Luttrell's farm to take Isabel, their ill young child, to a physician. Defendants went to Luttrell's farmhouse and asked permission to go to the Guzman dwelling for this purpose. Permission was denied, but the child was delivered to the defendants at the farmhouse. Defendants immediately left the Luttrell property. Subsequently, trespass actions were filed against them.

The pertinent portion of 28 U.S.C. § 1442(a) reads:

"A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under such color of such office * * *."

I find that Cliff Cameron, Donna Cameron, and Merwyn Greenlick are "person[s] acting under [an officer of the United States]" within the meaning of 28 U.S.C. § 1442(a).

The Director of the OEO has authority to "recruit, select, and train persons to serve in full-time volunteer programs." 42 U.S.C. § 2992, as amended. Cliff Cameron and Donna Cameron were recruited and trained under this authority. They are paid by the United States. The work they do is contemplated by the federal statute and they are responsible to the Director of the OEO. They are subject to the control of the VISTA Program Officer in the State, who, in turn, is designated by the VISTA Regional Administrator for the OEO Western Region. The chain of command is clear. I find the Camerons work under the Director of the OEO, an officer of the United States. 42 U.S.C. § 2941, as amended.

Defendant Greenlick is the VISTA supervisor of the Camerons, appointed by the Director of the OEO. He is responsible to the VISTA Program Officer in

**38**

the State and to the Director of the OEO. His duties, like the Camerons', require him to administer to private individuals. He acts under the authority of the Director of the OEO.

The State of Oregon, in its brief opposing removal, argues that 42 U.S.C. § 2994b, as amended, governs the question. The applicable part of that section states:

> "(a) Except as provided in subsection (b) of this section, volunteers under this subchapter shall not be deemed Federal employees and shall not be subject to the provisions of laws relating to Federal employment.

> "(b) Individuals who receive either a living allowance or a stipend under part A of this subchapter shall, with respect to such services or training * * * (2) be deemed Federal employees to the same extent as enrollees of the Job Corps under section 2727 (a) (1), (2), and (3) of this title * * *."

Section 2727(a) (1), (2), and (3) makes Job Corps enrollees federal employees only for purposes of the Internal Revenue Code, Title II of the Social Security Act, compensation for work injuries, and federal tort claim provisions.

 This limited employee status of VISTA personnel does not remove them from 28 U.S.C. § 1442(a). One can be a "person acting under" an officer of the United States though not a "federal employee."

Defendants must also show that they are charged with an act done under color of their office or of the office of the person under whom they were acting. Defendants' action consisted of going on the Luttrell farm to take Isabel Guzman to a physician. Isabel's parents, employees of Luttrell, were migrant farmworkers.

Section 2992 of 42 U.S.C., as amended, authorizes the Director of the OEO to assign volunteers "to work in meeting the health, education, welfare, or related needs of * * * migratory workers and their families." Under this provision, the Camerons were directed to work with migrant farmworkers and Greenlick was directed to supervise this work. The acts of defendants in going on the Luttrell farm to take Isabel Guzman to a physician were in accord with and in furtherance of the VISTA program and the defendants' duties.

I find that defendants were persons acting under an officer of the United States and they were charged with a crime for an act done under color of such office. This Court has jurisdiction and the State's request to remand this action to State Court is denied.