APPALACHIAN VOLUNTEERS, INC.,
et al., Petitioners-Appellants,

v.

Charles CLARK et al., Respondents-
Appellees.

Edward Lee BLANKENSHIP et al.,
Plaintiffs-Appellants,

v.

Clarles CLARK et al., Defendants-
Appellees.

Nos. 20255–20256.

United States Court of Appeals,
Sixth Circuit.

Decided and Filed Sept. 11, 1970.

Thomas M. Place, Prestonsburg, Ky. (Howard Thorkelson Prestonsburg, Ky., on the brief), for appellants. Laurence E. Norton, II, of counsel.

C. Kilmer Combs, Pikeville, Ky., and W. W. Burchett, Prestonsburg, Ky. (Barkley J. Sturgill, Prestonsburg, Ky., on the brief), for appellees.

Before WEICK, McCREE, and BROOKS, Circuit Judges.

McCREE, Circuit Judge.

These consolidated appeals present issues related to appellants' attempts to invoke the jurisdiction of the federal district court. Appellants are members of Volunteers in Service to America (VISTA), members of Appalachian Volunteers, Inc., and local residents of Floyd County, Kentucky who are active in citizens' groups interested in the administration of welfare programs. In case number 20255, they appeal from an order of the District Court remanding to the Floyd County, Kentucky Circuit Court an action for injunctive relief originally commenced by defendants-appellees in the state court but subsequently removed to the federal district court by appellants. In case number 20256, they appeal from an order of the District Court dismissing their complaint requesting declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983 respectively.

The dispute which spawned this litigation began in November, 1968. Some of the appellants, acting as representatives of the Eastern Kentucky Welfare Rights Organization, met with the Superintendent of Schools of Floyd County, Charles Clark, in an effort to obtain information about his plans for compliance with a newly issued set of Department of Agriculture regulations promulgated pursuant to the National School Lunch Act, 42 U.S.C. § 1751 et seq., and designed to enable local school authorities to utilize the Act's free and reduced-price lunch program. The representatives discovered that Superintendent Clark was unfamiliar with the new regulations, but took no further ac-

tion until March, 1969, when a revised set of guidelines was issued by the Department of Agriculture. After the announcement of the new guidelines, the representatives of the Eastern Kentucky Welfare Rights Organization again met with Superintendent Clark in an effort to learn about his plans for compliance. This meeting was following over a period of months by several other meetings, some of which were attended by appellant Brooks, a VISTA worker.

The meetings apparently succeeded only in creating strained relations between the parties involved, and, on July 21, 1969, the members of the Board of Education of Floyd County reacted by adopting a resolution which declared "all schools and school property off limits to the Vista and Appalachian Volunteers". Despite this resolution, appellant Brooks and other VISTA workers attempted twice to meet with Superintendent Clark at his office in order to ascertain whether a compliance policy had been adopted. However, they were ejected from the premises both times. Moreover, on August 12, 1969, Superintendent Clark and the Board of Education, acting in their official capacities, filed a complaint in the Floyd County Circuit Court to enjoin appellants "from trespassing upon any property under the ownership, control or operation of the Floyd County Board of Education". Although the Circuit Judge was absent from Floyd County at the time the complaint was filed, the Floyd County Circuit Court Clerk signed, *ex parte*, a temporary restraining order pursuant to his authority under Rule 65.03, Kentucky Rules of Civil Procedure.[1] This order, which had no termination date, restrained appellants "from

trespassing upon the property of the Floyd County Board of Education".

It does not appear in the record how long the Circuit Judge was absent from the County. However, on September 2, 1969, appellants filed a removal petition in the federal district court, predicated upon either 28 U.S.C. § 1442 or 28 U.S.C. § 1443. Three days later, on September 5, 1969, appellants also filed an original action for declaratory and injunctive relief under 28 U.S.C. § 2201 and 42 U.S.C. § 1983. In this action, appellants sought a declaration that the resolution of the Board of Education and the temporary restraining order enforcing it are invalid under the United States Constitution. They also sought an injunction prohibiting Superintendent Clark and the members of the Board of Education from enforcing the resolution and temporary restraining order and from further attempting to prevent appellants' peaceable presentation of grievances to the Board.

More than four months later, on January 14, 1970, the District Judge entered an order remanding to the Floyd County Circuit Court the cause of action in which Superintendent Clark and the Board of Education sought injunctive relief. Two days later, the District Judge dismissed appellants' action for declaratory and injunctive relief.

### Case No. 20255

At the outset, we consider appellants' motion, filed prior to oral argument on appeal, "to enter the previous termination of, or in the alternative, to dissolve the restraining order" originally obtained in the Floyd County Circuit Court.[2] Appellants observe that juris-

1. The rule provides, in pertinent part:
   A restraining order may be granted by the judge of the court in which the action is pending, by the clerk of that court or the county judge of that county if the judge of that court is absent from the county, or by such clerk or county judge or any circuit judge if the judge of that court is disqualified or absent from his judicial circuit.
   Rule 65.03(2), Ky.R. of Civ.P.

2. Appellants filed this same motion in the District Court. However, the District Judge did not rule on it, and he apparently concluded that his remand order made a decision on the motion unnecessary.

diction of appellees' injunction proceeding automatically vested in the federal district court upon compliance with the procedural requirements for removal contained in 28 U.S.C. § 1446. *See* 28 U.S.C. § 1446(e); Wood v. De Weese, 305 F.Supp. 939, 941 (W.D.Ky.1969). Appellants therefore contend that under Rule 81(c), Fed.R.Civ.P., which provides that the Federal Rules of Civil Procedure apply to all removed actions, Rule 65(b), Fed.R.Civ.P., became the rule of procedure governing the *ex parte* temporary restraining order issued by the Clerk of the Floyd County Circuit Court. Rule 65(b) provides, in pertinent part:

> Every temporary restraining order granted without notice * * * shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period * * *.

Accordingly, appellants assert that the temporary restraining order expired no later than ten days after their removal petition was filed and that this court should enter an order confirming that fact.

■ The answer to this contention is that 28 U.S.C. § 1450 expressly provides that:

> All injunctions, orders, and other proceedings had in [a removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.

This clear statutory command must take precedence over the arguably contrary rule of procedure, and it would seem to preclude the automatic termination of the temporary restraining order obtained in the state court.

Appellants contend, however, that even if the temporary restraining order did not automatically expire under Rule 65(b), the District Judge's failure to enter an order dissolving it was tantamount to granting a preliminary injunction, since the effect of his inaction was to extend the temporary restraining order beyond the twenty day limit authorized by Rule 65(b), Fed.R.Civ.P. *Cf.* National Mediation Board v. Air Line Pilots Ass'n, Int'l, 323 F.2d 305 (D.C. Cir. 1963); Pan American World Airways v. Flight Eng'rs Int'l Ass'n, 306 F.2d 840 (2d Cir. 1962). Appellants further contend that the implied grant of the preliminary injunction was appealable under 28 U.S.C. § 1292(a) (1) and that we should dissolve the preliminary injunction since it is not supported by "findings of fact and conclusions of law" as required by Rule 52(a), Fed.R.Civ.P.

■ Even if appellants are correct about the effect of the District Judge's inaction following removal, they did not pursue an interlocutory appeal under 28 U.S.C. § 1292(a) (1) to test their contention that there was an implied grant of a preliminary injunction. Accordingly, we can review this issue, if review is appropriate, only as an incident of the appeal from the District Judge's order remanding the case to the state court. Because of the limited scope of appellate review of remand orders authorized by 28 U.S.C. § 1447(d), we consider such review inappropriate. Section 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

The obvious purpose of this section is to avoid the delays which would result if appeals from remand orders were permitted. Kloeb v. Armour & Co., 311 U.S. 199, 204, 61 S.Ct. 213, 85 L.Ed. 124 (1940); Matter of MacNeil Bros. Co., 259 F.2d 386, 388 (1st Cir. 1958). Moreover, even when removal is based on 28 U.S.C. § 1443 and an appeal is authorized, the review of issues other than those directly related to the propriety of the remand order itself would frustrate the clear Congressional policy of expedition, and we decline to do so. We consider this approach particularly appro-

**534**

priate when, as here, we affirm the remand order of the District Judge (*see infra*).

Appellants alleged in their original removal petition that removal was proper either under 28 U.S.C. § 1442 or under 28 U.S.C. § 1443. They did not, however, specify under which subsection of either of these statutory provisions removal was authorized. The District Judge held that the failure to aver under which subsection of section 1442 removal was appropriate, and the failure to expressly allege that the VISTA workers were persons acting under an officer of the United States, necessitated a remand to the state court. This ruling presumably was based on appellants' failure to provide "a short and plain statement of the facts which [entitled them] to removal" as required by 28 U.S.C. § 1446 (a). The District Judge also held that the removal petition failed properly to allege a basis for removal under 28 U. S.C. § 1443 because there was no allegation that at the time appellants' activities were enjoined they were acting pursuant to a federal law providing "for specific civil rights stated in terms of racial equality". Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L. Ed.2d 925 (1966).

On appeal, appellants have attempted, pursuant to 28 U.S.C. § 1653, to amend their removal petition in order to clarify which subsections of sections 1442 and 1443 provide the jurisdictional basis for removal. They assert that under section 1442 the basis for removal is subsection (a) (1), which authorizes removal of an action commenced in a state court against a "person acting under [an officer of the United States]".

■ Although normally this proposed amendment to the petition would be permissible, Willingham v. Morgan, 395 U.S. 402, 407 n. 3, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969); Firemen's Ins. Co. of Newark, N.J., v. Robbins Coal Co., 288 F.2d 349, 350 (5th Cir. 1961), we find it unnecessary to decide whether to grant this element of appellants' motion for leave to amend. Under 28 U.S.C. § 1447(d),

appellate review of a remand order is expressly prohibited where removal was accomplished pursuant to a section other than 28 U.S.C. § 1443. Thus, despite our inclination to agree with Judge Solomon's holding in Oregon v. Cameron, 290 F.Supp. 36, 37 (D.Or.1968), that VISTA workers are "'person[s] acting under [an officer of the United States]' within the meaning of 28 U.S.C. § 1442(a)", we do not have jurisdiction to review this issue, or to decide whether appellants' removal petition, with or without the proposed amendments, is sufficient. See House v. Dorsey, 408 F.2d, 1008 (4th Cir. 1969); In re Bear River Drainage District, 267 F.2d 849 (10th Cir. 1959).

■ We do, however, have jurisdiction to review the District Judge's ruling on the appropriateness of removal under 28 U.S.C. § 1443. Appellants contend that removal was proper under 28 U.S.C. § 1443(2), which authorizes removal of an action commenced in a state court as a result of an act performed "under color of authority derived from [a] law providing for equal rights", and they request permission to amend their removal petition to allege this as a basis for removal. Appellants also contend that the decision in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783 (1966), is not determinative since it involved section 1443 (1) and was prompted by policy considerations not germane to removal under section 1443(2). In particular, appellants assert that in Georgia v. Rachel the Supreme Court was concerned about the flood of litigation that would be removed to federal courts if section 1443 (1) was not interpreted restrictively to apply only to cases involving "civil rights stated in terms of racial equality." *Id.* at 792, 86 S.Ct. at 1790; *see* Georgia v. Rachel, 384 U.S. at 788 n. 8, 86 S.Ct. at 1788. The court-imposed limitation in section 1443(2) restricting removal to cases involving federal officers and persons assisting federal officers, City of Greenwood, Miss. v. Peacock, 384 U.S. 805, 815, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), effectively forecloses a floodgates problem under this subsection, and, ap-

pellant contends, eliminates the necessity of restricting removal to racial equality cases.

■ Although we grant appellants' motion to amend their removal petition in this respect, we nevertheless affirm the District Court's order remanding the injunction proceeding to the state court. We do not think the Supreme Court intended to limit its definition of the type of "equal civil rights" cases, which can be removed pursuant to section 1443, to subsection (1). Both subsection (1) and subsection (2), although originally formulated differently, were enacted as part of the Civil Rights Act of 1866. Act of April 9, 1866, c. 31, § 3, 14 Stat. 27; *see* Appendix to Opinion of the Court, Georgia v. Rachel, *supra*. In Georgia v. Rachel, the Court held that the "legislative history of the 1866 Act clearly indicates that [by that Act] Congress intended to protect a limited category of rights, specifically defined in terms of racial equality." 384 U.S. at 791, 86 S.Ct. at 1789. Accordingly, the Court concluded that the term "equal civil rights", as used in section 1443(1), applied only to "civil rights stated in terms of racial equality". *Id.* at 792, 86 S.Ct. at 1790. By way of analogy, the term "equal rights", as used in section 1443(2), must refer only to equal rights stated in terms of racial equality.[3]

The logic of this conclusion is supported by the fact that any action against a federal officer or person acting under him can be removed pursuant to 28 U.S.C. § 1442(a) (1). Thus, "many, if not all, of the cases presently removable under § 1443(2) would now also be removable under § 1443(a) (1)", City of Greenwood, Miss. v. Peacock, *supra*, 384

U.S. at 820 n. 17, 86 S.Ct. at 1808, and this eliminates the need to expansively interpret section 1443(2). *Cf.* Willingham v. Morgan, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969).

Accordingly, the order of the District Court remanding this cause to the Floyd County Circuit Court is affirmed.

### Case No. 20256

The District Judge dismissed appellants' complaint seeking declaratory and injunctive relief because he concluded that in light of the clear prohibition contained in 28 U.S.C. § 2283 against enjoining a state court proceeding he lacked the authority to grant the relief requested.[4] Section 2283 provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

■ Appellants contend that the District Court erred because the equitable relief authorized by 42 U.S.C. § 1983 does constitute an exception "expressly authorized by Act of Congress" to the prohibition contained in 28 U.S.C. § 2283. Cooper v. Hutchinson, 184 F.2d 119, 124 (3rd Cir. 1950); Landry v. Daley, 288 F.Supp. 200, 221–225 (N.D.Ill.1968); Hulett v. Julian, 250 F.Supp. 208 (M.D. Ala.1966); *Note*, 21 Rutgers L.Rev. 92 (1966). *Contra*, Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964); Goss v. Illinois, 312 F.2d 257 (7th Cir. 1963); Sexton v. Barry, 233 F.2d 220 (6th Cir. 1956); Brooks v. Briley, 274 F.Supp. 538, 553 (M.D.Tenn.1967), aff'd per curiam, 391 U.S. 361, 88 S.Ct. 1671, 20

---

3. The fact that section 1443(1) refers to "equal civil rights" whereas section 1443 (2) mentions only "equal rights" is of little consequence and probably is attributable to a drafting oversight. Certainly the Supreme Court has indicated that it considers the variance insignificant, since in City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824, 86 S.Ct. 1800, 1810, 16 L.Ed.2d 944 (1966), it held that "the

second subsection of § 1443 confers a privilege of removal only upon federal officers or agents * * * affirmatively executing duties under any federal law providing for *equal civil rights*". (emphasis added).

4. The District Judge had remanded the appellees' injunction proceeding to the state court two days prior to his opinion in this case.

L.Ed.2d 647 (1968). Appellants also maintain that even if 42 U.S.C. § 1983 is not an exception to 28 U.S.C. § 2283, the District Judge, nevertheless, had authority to grant injunctive relief under the "unusual circumstances" of this case. This second contention is based on the proposition that section 2283 merely represents a codification of the principles of comity and therefore does not preclude injunctive relief "in those extraordinary cases where the federal injunction is necessary to vindicate clear First Amendment rights". Machesky v. Bizzell, 414 F.2d 283, 287 (5th Cir. 1969). See also Sheridan v. Garrison, 415 F.2d 699 (5th Cir. 1969); Wallace v. Brewer, 315 F.Supp. 431, (M.D.Ala. 1970).[5]

Appellants' second contention was answered recently by the Supreme Court. Discussing the nature of the prohibition contained in section 2283, the Court stated:

On its face the present Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions. The respondent here has intimated that the Act only establishes a "principle of comity," not a binding rule on the power of the federal courts. The argument implies that in certain circumstances a federal court may enjoin state court proceedings even if that action cannot be justified by any of the three exceptions. We cannot accept any such contention. In 1954 when this Court interpreted this stat-ute, it stated: "This is not a statute conveying a broad general policy for appropriate *ad hoc* application. Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions." Amalgamated Clothing Workers v. Richman Brothers, 348 U.S. 511, 515–516, 75 S.Ct. 452, 455, 99 L.Ed. 600 (1955). Since that time Congress has not seen fit to amend the statute and we therefore adhere to that position and hold that any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld. Moreover since the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction. Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court.

Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286–287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970).

Accordingly, appellants' request for injunctive relief necessarily must be based on the proposition that 42 U.S.C. § 1983 is "one of the specific statutory exceptions to § 2283". Although we find the reasoning of the decisions supporting this position persuasive, we deem it un-

---

5. Appellants also have suggested that the "superior federal interest" doctrine enunciated in Leiter Minerals, Inc. v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed. 2d 267 (1957), is applicable in this case. We think it clear, however, that the Supreme Court restricted its holding in that case to situations where the United States is a party.

The frustration of superior federal interests that would ensue from precluding the *Federal Government* from obtaining a stay of state court proceedings except under the severe restrictions of 28 U.S.C. § 2283, would be so great that we cannot reasonably impute such a purpose to Congress from the general language of 28 U.S.C. § 2283, alone. It is always difficult to feel confident about construing an ambiguous statute when the aids to construction are so meager, but the interpretation excluding the *United States* from the coverage of the statute seems to us preferable in the context of healthy federal-state relations. *Id.* at 226, 77 S.Ct. at 291 (emphasis added).

necessary, at this time, to re-examine our apparently contrary holding in Sexton v. Barry, 233 F.2d 220 (6th Cir. 1956).

Appellants sought relief pursuant to the grant of equity jurisdiction contained in section 1983. We therefore must apply equitable principles in determining whether appellants were entitled to equitable relief. We conclude that in light of their failure to pursue what appears to be an adequate remedy at law, appellants were not entitled to equitable relief. *See* Potwora v. Dillon, 386 F.2d 74 (2d Cir. 1967); Grayson v. Montgomery, 421 F.2d 1306 (1st. Cir. 1970).

The Kentucky Rule of Civil Procedure, pursuant to which the appellees obtained a temporary restraining order, provides, in pertinent part:

> Unless [the restraining order] provides an earlier termination date, a restraining order shall remain in force until, and not after, (1) the time set for a hearing on a motion to dissolve the restraining order unless there is then pending a motion for a temporary injunction, or (2) the entry of an order on a motion for a temporary injunction, or (3) the entry of a final judgment, whichever is earlier. Rule 65.03(5), Ky. R. Civ.P.

Appellants did not file a motion to dissolve the restraining order prohibiting their presence on school property, and they have provided no proof that to do so would have been unavailing.

We hesitate, in the absence of any evidence to the contrary, to speculate that the Circuit Judge of Floyd County would not conduct an immediate hearing on a motion to dissolve. Indeed, we seriously doubt whether, under the authority of the Supreme Court's decision in Carroll v. President and Commissioners of Princess Anne, 393 U.S. 175, 89 S.Ct. 347, 21

L.Ed.2d 325 (1968), the Circuit Judge would do anything other than declare the temporary restraining order invalid. In *Carroll*, the Supreme Court set aside a restraining order of ten days duration

> because of a basic infirmity in the procedure by which it was obtained. It was issued *ex parte*, without notice to petitioners and without any effort, however informal, to invite or permit their participation in the proceedings. There is a place in our jurisprudence for *ex parte* issuance, without notice, of temporary restraining orders of short duration; but there is no place within the area of basic freedoms guaranteed by the First Amendment for such orders where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate.

> \* \* \* \* \* \*

> The Court has emphasized that "[a] system of prior restraints comes to this Court bearing a heavy presumption against its constitutional validity." Bantam Books v. Sullivan, 372 U.S. 58, 70, 83 S.Ct. 631, 639, 9 L.Ed. 2d 584 (1963); Freedman v. Maryland, 380 U.S. 51, 57, 85 S.Ct. 734, 738, 13 L.Ed.2d 649 (1965). And even where this presumption might otherwise be overcome, the Court has insisted upon careful procedural provisions, designed to assure the fullest presentation and consideration of the matter which the circumstances permit. *Id.* at 180–181, 89 S.Ct. at 351.

The temporary restraining order obtained by appellees would seem to suffer from the same procedural infirmities condemned by the Supreme Court in *Carroll.*[6]

Of course, approximately three weeks after the issuance of the temporary restraining order, appellants filed their re-

---

6. In fact, the temporary restraining order would seem to suffer from the additional infirmity that it was granted by the Clerk of the Floyd County Circuit Court instead of by the Circuit Judge. However, this fact also serves to support our reluc-

tance to conclude that the legal remedy available to appellants is inadequate. If the ex parte temporary restraining order had been granted by a judge, we would be less inclined to conclude that an adequate legal remedy apparently does exist.

moval petition and effectively suspended any further proceedings in the state court during the pendency of the case in the federal district court. 28 U.S.C. § 1446(e). Moreover, appellants had a right to remove the injunction proceeding and we do not mean to imply by our decision that appellants are being penalized because they did so.

However, removal of the proceeding, which included the risk of remand, does not excuse appellants' failure to seek dissolution of the temporary restraining order in the Floyd County Circuit Court during the first three weeks it was in effect; nor does it relieve them from the obligation now to pursue the available legal remedy provided by Rule 65.03 (5), Ky. R. Civ.P., prior to invoking the federal court's equity jurisdiction under 42 U.S.C. § 1983.[7]

Accordingly, the order of the District Court dismissing appellants' complaint is affirmed.[8]

Affirmed.

7. It is interesting that appellants did file a motion to dissolve in the District Court. *See* note 1, *supra.*

8. Appellants also sought declaratory relief in the District Court pursuant to 28 U.S.C. § 2201. They have not, however, assigned the District Judge's denial of declaratory relief as an issue for review on appeal and we therefore refrain from indicating any opinion regarding his exercise of judicial discretion. *Cf.* Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 331, 82 S.Ct. 337, 7 L.Ed. 2d 317 (1961); Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494, 62 S.Ct 1173, 86 L.Ed. 1620 (1942).