747 F.2d 1019
 Caroline Jeanette BRISTER, wife of/and Anthony Herman
Gerard, for themselves and their Minor Children
Sharon, Douglas, Patrick, Paige and
Sandra, Plaintiffs-Appellants,
v.
The PARISH OF JEFFERSON, State of Louisiana, et al.,
Defendants-Appellees.
 No. 83-3730.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 6, 1984.
 
 Hugh G. Oliver, La., for plaintiffs-appellants.
 A.W. Wambsgans, Metairie, La., for Cronvich and Koehler.
 Frank V. Zaccaria, Jr., Gretna, La., for Parish of Jefferson and Robert Kerry.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before GEE, REAVLEY and DAVIS, Circuit Judges.
 GEE, Circuit Judge:
 
 
 1
 The appellants Caroline Brister, her husband Anthony Gerard, and their children brought actions in both state and federal court alleging that officials of Jefferson Parish, Louisiana had violated their civil rights. After a state court judgment for the defendants became final, the district court granted summary judgment for the defendants, basing its decision on res judicata principles. We must affirm the judgment of the district court.
 
 I.
 
 2
 The appellants' claims arise from an incident involving themselves, a Jefferson Parish dogcatcher, and a deputy sheriff. One evening Robert Kerry, a Jefferson Parish dogcatcher, appeared at the appellants' home and requested proof of the vaccination of the family dog. Because the appellants could produce no proof, Kerry demanded that they turn the dog over to him. When the appellants refused, Kerry contacted Deputy Sheriff Koehler, who advised Kerry to issue the plaintiffs a "loose dog" citation. Kerry did so, and also told the plaintiffs that he would return to check the dog's license.
 
 
 3
 At about 8:15 on the following Sunday morning, Kerry returned to the appellants' home, again requesting vaccination papers on the dog. One of the children answered the door and told Kerry that Mr. Gerard was asleep. Kerry returned several minutes later with Deputy Sheriff Koehler. Mr. Gerard, who had been awakened by his children, answered the door. Kerry informed Gerard that he would be arrested if he refused to turn over the dog. An argument began when Gerard questioned Kerry's authority to arrest him without a warrant. This argument soon turned into a scuffle between Gerard and Koehler, with Gerard's pajama pants falling down after Koehler grabbed and broke the waistband. When Gerard stooped to recover his pants, Koehler struck him over the head with his club, causing a wound that required eight stitches to close. Koehler also apparently struck Ms. Brister with his club during the altercation. Koehler then left and returned with other deputies who blocked off the street and rushed the house with drawn guns. The deputies arrested both Brister and Gerard for resisting arrest and committing battery on Koehler, as well as charges relating to the dog.[1] After the arrests, with only the children left in the house, Kerry seized the dog and took it to the pound, where it contracted a disease and died.
 
 
 4
 The appellants brought an action in Louisiana state court against Jefferson Parish, the sheriff of Jefferson Parish, Fireman's Fund Insurance Company, Kerry, and Koehler. The appellants also brought this Sec. 1983 civil rights action in federal court against the same defendants, adding the state of Louisiana as a defendant. The appellants challenged the constitutionality of several Louisiana statutes in their federal court action,[2] and requested the state court to refrain from deciding the action before it until the federal court had ruled on the constitutional issues. The state court denied this request. The federal court, however, stayed its proceedings pending the outcome of the state court litigation.
 
 
 5
 The state court granted summary judgment in favor of Jefferson Parish and Fireman's Fund Insurance Company before trial. After trial, the court entered judgment for all the defendants except Kerry, against whom the court awarded the appellants $1000. The appellants then appealed to the Louisiana appellate court. In the meantime, the district court granted summary judgment for all the defendants in the federal action, basing its decision on res judicata principles. We vacated this judgment and remanded because the state court judgment was not yet "final" for res judicata purposes. After the Louisiana appellate court had affirmed the state trial court's decision and the Louisiana and United States Supreme Courts had declined to review the case, the defendants renewed their motions for summary judgment in the district court. The district court granted these motions and dismissed the appellants' complaint. This appeal followed.
 
 II.
 
 6
 Under the full faith and credit clause of the Constitution and its implementing statute, 28 U.S.C. Sec. 1738,[3] a federal court must give to a state court judgment the same preclusive effect that a court of the state in which the judgment was rendered would give it. Migra v. Warren City School District Board of Education, --- U.S. ----, ----, 104 S.Ct. 892, 896, 79 L.Ed.2d 56, 61 (1984); Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). This rule applies in all federal litigation, including actions brought under 42 U.S.C. Sec. 1983. Migra, --- U.S. at ----, 104 S.Ct. at 897, 79 L.Ed.2d at 62-63. We must therefore look to Louisiana law to determine what preclusive effect we should give to the Louisiana state court judgment.
 
 
 7
 Louisiana principles of res judicata, derived from the civil law, are far narrower in effect than their common law counterparts. Louisiana Civil Code article 2286 establishes a presumption of correctness and precludes relitigation of the object of a judgment only if there is: (1) an identity of the parties, (2) an identity of the cause, and (3) an identity of the thing demanded. If doubt exists that any of these criteria are satisfied, Louisiana does not bar relitigation. Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978). Louisiana does not recognize the common law doctrine of collateral estoppel. Id. at 156-57.
 
 
 8
 After examining the relevant Louisiana law, we are convinced that the Louisiana courts would give the state court judgment involved in this case full preclusive effect and would bar relitigation. The parties, issues, and requests for relief in the state court and federal court proceedings were substantially identical. Although the appellants do not dispute this, they argue that the claims they assert in this case did not receive full and fair adjudication in the Louisiana courts because the proceedings there were "constitutionally infirm." The appellants, however, point to no evidence supporting this contention. Because the appellants have already litigated all the issues presented here in the Louisiana courts and because the Louisiana courts would grant the judgment entered in state court full preclusive effect, the appellants are barred from again litigating these issues. The district court's entry of summary judgment for the defendants was therefore correct and must be
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Brister and Gerard were convicted in the Second Parish Court of Jefferson for refusing to turn the dog over to the Parish authorities and for not having the dog licensed or vaccinated. They were acquitted on the other charges
 
 
 [2]
 The appellants challenged two Louisiana statutes dealing with procedural aspects of actions against state officials: La.Rev.Stat.Ann. Sec. 42:261(E) (West Supp.1984), which requires plaintiffs to post a bond upon filing an action against state officials to cover court costs and attorneys' fees, and a portion of La.Rev.Stat.Ann. Secs. 33:1433 (West 1951), which, before its repeal in 1978, limited the liability of a sheriff's deputy or similar public official to the amount of the official's bond. Although the appellants contend that the district court never ruled on these motions, the record indicates that a magistrate heard and denied the motions early in the litigation
 
 
 [3]
 28 U.S.C. Sec. 1738 provides in pertinent part:
 Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession.