**James Tabor COOK, By and Through his Guardian Ad Litem, Plaintiff,**

v.

**Norm Clarence WINTERS, Defendant.**

**Civ. A. No. H–84–4440.**

United States District Court,
S.D. Texas,
Houston Division.

Oct. 3, 1986.

Peter T. VanBaalen, Van Baalen Law Offices, Phoenix, Ariz., Douglas Selwyn, Pope, Shoemake & Selwyn, Houston, Tex., for plaintiff.

Frank Allen, Conroe, Tex., guardian ad litem.

J.L. Sadick, Local Co-Counsel, Michael P. Haines & Associates, Houston, Tex., Stephen F. Malouf, Dallas, Tex., for applicant intervenor.

Jim C. Ezer, Ryan & Marshall, Houston, Tex., for defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

HITTNER, District Judge.

Plaintiff, James Tabor Cook, a four-year-old child, comes before this Court through his guardian ad litem, asserting diversity jurisdiction and seeking recovery for damages incurred due to the alleged wrongful death of James Lex Cook, whom the Plain-

tiff claims was his father. For the reasons set forth below, this Court declines to exercise jurisdiction over this action, and holds that this case be dismissed.

James Lex Cook was killed in an automobile accident, allegedly due to the negligence of Defendant, Norm Clarence Winters. Margie Cook and James Winston Cook, parents of the deceased, seek to intervene in James Tabor Cook's wrongful death action against Winters in this Court. They maintain that they, not James Tabor Cook, are the proper Plaintiffs in this action, since James Tabor Cook is neither the natural nor the legal child of the decedent. The senior Cooks have, additionally, moved to dismiss this action.

In support of their position, the senior Cooks refer to a divorce decree between James Lex Cook and the child's mother, Noelle Norris Cook, handed down by the 247th District Court of Harris County, Texas on August 23, 1982. That decree does, in fact, specifically state that James Lex Cook did not father the Plaintiff.

Plaintiff directs the Court's attention to the fact that no guardian ad litem was appointed for him in the Texas divorce proceeding. He contends that the failure to appoint an ad litem was improper and that his interests in the divorce proceeding were not adequately protected. Consequently, he asserts the state court decree is not binding on him.

Plaintiff would, in effect, have the federal court review the state court divorce decree, find it a nullity as to him, and hold that his conception and birth within the marriage of Noelle Norris Cook and James Lex Cook creates a presumption of legitimacy and, thereby, allows him standing to pursue this suit. This Court is precluded by both the domestic relations exception to federal jurisdiction and by Texas law from taking such action.

### The Domestic Relations Exception

For over one hundred years, it has been recognized that the federal courts are an inappropriate forum for the negotiation and resolution of domestic disputes, even where diversity jurisdiction exists. *Barber v. Barber,* 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1858). From the date of the *Barber* decision until the present, federal courts have steadfastly refused jurisdiction in cases involving requests for divorce, the establishment of alimony, custody, and modifications of such decrees. *Ohio ex rel. Popovici v. Agler,* 280 U.S. 379, 384, 50 S.Ct. 154, 155, 74 L.Ed. 489 (1930); *Goins v. Goins,* 777 F.2d 1059, 1061 (5th Cir.1985); *Diaz v. Diaz,* 568 F.2d 1061, 1062 (4th Cir.1977); *DePlanche v. Califano,* 549 F.Supp. 685, 692 (W.D.Mich.1982).[1]

A federal court may abstain from hearing such a case even where, as here, the case also involves an ordinary tort claim. The Court properly abstains when "hearing the [tort or contract] claim will necessitate the Court's involvement in domestic issues, *i.e.,* [when] it will require inquiry into the marital or parent-child relationship." *Goins v. Goins,* 777 F.2d at 1061, *quoting Jagiella v. Jagiella,* 647 F.2d 561, 565 (5th Cir.1981). Such involvement would clearly ensue were this Court to entertain Plaintiff's wrongful death action. In order to reach the threshold determination that Plaintiff has standing to bring this suit, it would be necessary for the Court to find that the earlier divorce decree is not binding on Plaintiff. Even if the Court could properly take such an action, it is evident that the issue of Plaintiff's paternity would be intensely contested by the senior Cooks. This Court declines to involve itself in a

---

1. Although exceptions to the exclusion of domestic relations cases from the federal forum have been sparingly recognized, none is appropriate to the facts before us. *See, e.g., Simms v. Simms,* 175 U.S. 162, 166, 20 S.Ct. 58, 59, 44 L.Ed. 115 (1899) (federal jurisdiction allowed in appeal of divorce action from territorial court); *Abdul-Rahman Omar Adra v. Clift,* 195 F.Supp. 857 (D.Md.1961) (federal jurisdiction allowed in case of international concern); *Thrower v. Cox,* 425 F.Supp. 570, 572 n. 3 (D.S.C.1976) (domestic relations exception does not apply to District of Columbia residents).

For a comprehensive discussion of family law and the federal courts, see Hirsch and Wilson-Glah, *Federal Jurisdiction in Family Law Cases,* 2 Advanced Family Law Course (1986) (available at State Bar of Texas—Professional Development Program Library).

domestic dispute which is properly the province of the state courts. The Court, therefore, invokes the domestic relations exception and abstains from the exercise of jurisdiction over this action.

### Texas Law

■ Even were this Court not to abstain pursuant to the federal domestic relations exception, deference to Texas law prompts this Court to abstain from a collateral review of the state court's divorce decree. · In Texas, the improper failure to appoint a guardian ad litem results in a judgment being voidable, not void. Such a voidable judgment is subject only to direct attack in the court that rendered the judgment and not to collateral attack in any other court, whether federal or state. *Hungate v. Hungate*, 531 S.W.2d 650, 653 (Tex.Civ. App.—El Paso 1975, no writ).[2]

■ This Court, therefore, declines to review the state court divorce decree and will give that decree the full faith and credit which would be afforded it in state court. *McDonald v. City of West Branch*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984); *Brister v. Parish of Jefferson*, 747 F.2d 1019, 1021 (5th Cir.1984), *cert. denied*, 471 U.S. 1101, 105 S.Ct. 2327, 85 L.Ed.2d 845 (1985). This Court is obliged to dismiss this action as Plaintiff, being by force of the divorce decree neither the natural nor legal child of decedent, lacks standing to maintain this suit. The decedent's parents have moved to dismiss on this ground. However, since they have not been granted permission to intervene by this Court and

thus are not parties to this action, they cannot properly seek its dismissal. *See* Fed.R.Civ.P. 12(b) and 41. Consequently, this Court, sua sponte, determines this jurisdictional issue of standing.[3] *National Coalition to Ban Handguns v. Bureau of Alcohol, Tobacco & Firearms*, 715 F.2d 632, 633 (D.C.Cir.1983); *Theriault v. Brennan*, 641 F.2d 28, 31 (1st Cir.1981).

Concluding as it does that the federal court should abstain from hearing this entire matter and that, even in the absence of such abstention, Plaintiff lacks standing to maintain this suit, it is therefore

ORDERED that this action be DISMISSED.

---

2. Tex.Fam.Code Ann., § 11.10(a) (Vernon Supp. 1986) provides that:

In any suit in which termination of the parent-child relationship is sought, the court or a master shall appoint a guardian ad litem to represent the interests of the child, unless the child is a petitioner or unless an attorney ad litem has been appointed for the child or unless the court or a master finds that the interests of the child will be represented adequately by a party to the suit and are not adverse to that party.

This Court does not address the question of whether the effect of a state court divorce decree resulting in an implied finding that a child is illegitimate is, in fact, a termination of the parent-child relationship. However, at least one

Texas case has indicated that, when termination of parental rights is involved, it would be a rare situation in which the trial court could properly find that an ad litem was not needed. *Barfield v. White*, 647 S.W.2d 407, 409 (Tex.App.—Austin 1983, no writ).

3. The senior Cooks' primary purpose in seeking intervention in this case appears to be their desire to have the case dismissed. They have in fact instituted their own wrongful death suit against Defendant Winters in state court. Thus, their interest is in no way prejudiced by the Court's failure to grant them permission to intervene and the sua sponte dismissal of this action.