819 F.2d 1142
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul MCQUEARY, et al., Plaintiffs-Appellees,
v.
JEFFERSON COUNTY, KENTUCKY, et al., Defendants-Appellants.
 No. 86-5505.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1987.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 The narrow issue presented by this appeal is whether this court has jurisdiction to review a district court order remanding the case to the state court from which it had been removed improvidently and without jurisdiction. We hold that the remand order entered on April 25, 1986 by the United States District Court for the Western District of Kentucky is not appealable under 28 U.S.C. Sec. 1447. Accordingly, the present appeal is dismissed for failure of jurisdiction.
 
 
 2
 Appellees McQueary and Phillips were employees of the Animal Control and Protection Department of Jefferson County, Kentucky, until December 13, 1983, when they were discharged from their respective positions as Assistant Director and Sergeant. On February 14, 1984, Appellee McQueary and his wife filed suit in Jefferson Circuit Court, and Appellee Phillips and his wife intervened on February 20, 1984. The action was filed pursuant to 42 U.S.C. Secs. 1983 and 1985 for violations of the Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments of the United States Constitution. Specifically, the complaint and intervening complaint alleged that Appellees were discharged from the Department because of their political affiliations and that Appellants had conspired to implicate Appellees on false charges of sexual harassment of female employees whom they had supervised. Appellees also alleged state law violations.
 
 
 3
 On October 26, 1984, Appellants filed a motion to dismiss or for summary judgment in the Jefferson Circuit Court asserting, inter alia, the defense of the qualified immunity of the individual defendants. The motion was denied on October 21, 1985, after a hearing. A renewed supplemental motion to dismiss on immunity grounds was filed on February 20, 1986 and cited two new Supreme Court cases: Daniels v. Williams, 474 U.S. ---, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and Davidson v. Cannon, 474 U.S. ---, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). This motion was similarly denied on March 27, 1986, after a hearing.
 
 
 4
 On April 3, 1986, Appellants filed a notice of appeal from both of the Circuit Court's interlocutory orders to the Kentucky Court of Appeals. Appellants relied, in that appeal, upon Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Appellees responded on April 10 by filing an emergency motion for immediate relief with the same court. On April 15, after a hearing, Judge Michael O. McDonald issued an order authorizing the Jefferson Circuit Court to retain the case on its docket and to proceed to trial on April 17, 1986.
 
 
 5
 A petition for writ of prohibition and a motion for intermediate relief, filed by Appellants on April 16, 1986, with the Kentucky Supreme Court, was denied by Justice Leibson after a hearing. On the trial date of April 17, the Jefferson Circuit Court denied Appellants' request for a continuance, but delayed proceedings until April 22 to facilitate Appellants' application for a stay of trial proceedings. That application was filed with the United States Supreme Court on April 18 and denied the same day by Justice Sandra Day O'Connor.
 
 
 6
 On April 21, 1986, the evening before trial was to commence in the Jefferson Circuit Court, Appellants filed a petition for removal of this case with the United States District Court for the Western District of Kentucky. Original jurisdiction, pursuant to 28 U.S.C. Secs. 1331 and 1343, and the pendent jurisdiction of the United States District Courts were the claimed bases for the application. On April 22, Appellees filed a motion in the district court to remand the case to the Jefferson Circuit Court. The district court filed a memorandum opinion and order on April 25, 1986, granting Appellees' motion for remand. Appellants appeal from entry of that order.
 
 
 7
 The procedure after removal is set forth at 28 U.S.C. Sec. 1447. Appellees maintain correctly that this court is precluded from reviewing the district court's order of remand by Sec. 1447(d), which provides:
 
 
 8
 An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to Sec. 1443 of this title shall be reviewable by appeal or otherwise.
 
 
 9
 (Emphasis added). "The obvious purpose of this section is to avoid the delays which would result if appeals from remand orders were permitted." Appalachian Volunteers, Inc. v. Clark, 432 F.2d 530, 533 (6th Cir.1970). Therefore, the scope of appellate review of remand orders is narrowly limited to removals made pursuant to 28 U.S.C. Sec. 1443.
 
 
 10
 This court lacks jurisdiction to review the remand order presently at issue. The jurisdictional basis stated by Appellants' removal petition is 28 U.S.C. Secs. 1331 and 1343. Because the removal was based solely on those general statutes, and not specifically upon 28 U.S.C. Sec. 1443, the remand order of the district court is not reviewable on appeal. Detroit Police Lts & Sgts Ass'n v. City of Detroit, 597 F.2d 566, 567 (6th Cir.1979) (per curiam).
 
 
 11
 Even if Appellants had based their removal petition on 28 U.S.C. Sec. 1443, however, the case is not amenable to removal to a district court under that section.
 
 Section 1443 provides:
 
 12
 Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
 
 
 13
 (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or all persons within the jurisdiction thereof;
 
 
 14
 (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
 
 
 15
 A removal petition under 28 U.S.C. Sec. 1443(1) must satisfy a two-pronged test requiring (1) that the right allegedly denied the removal Petitioner arises under federal law providing for specific "civil rights stated in terms of racial equality "; and (2) that the removal Petitioner is denied or cannot enforce specified federal rights in state courts. Johnson v. Mississippi, 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975) (emphasis added), quoting Georgia v. Rachel, 384 U.S. 780, 792, 803, 86 S.Ct. 1786, 16 L.Ed.2d 925 (1966); State of Texas v. Gulf Water Benefaction Co., 679 F.2d 85, 86 (5th Cir.1982). The claims of Appellants (or indeed of Appellees) here do not claim civil rights in terms of racial equality and thus, cannot be removed under subsection (1).
 
 
 16
 Similarly, removal is not proper under 28 U.S.C. Sec. 1443(2). The scope of this subsection was examined in Detroit Police Lieutenants and Sergeants Association v. City of Detroit, 597 F.2d 566 (6th Cir.1979) (per curiam). There, Defendants/Appellants filed a petition, pursuant to 28 U.S.C. Secs. 1441 and 1443(2), to remove the case for injunctive relief from the Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan. The district court denied the petition and remanded the case to the state circuit court. On appeal, this court affirmed the district court and, in doing so, discussed the relevant criteria for removal under Sec. 1443(2).
 
 
 17
 The court in Detroit Police Lieutenants found that the first clause of subsection (2) (i.e., "for any act under color of authority derived from any law providing for equal rights")[1] "ha[d] been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." Detroit Police Lts, supra at 568, citing, City of Greenwood v. Peacock, 384 U.S. 808, 815, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). Accord Appalachian Volunteers, Inc. v. Clark, 432 F.2d at 534. Where, as here, Appellants were not persons assisting federal officers, the first clause of subsection (2) is not applicable to the facts of this case.
 
 
 18
 The second clause of Sec. 1443(2) (i.e., "for refusing to do any act on the ground that it would be inconsistent with such law") also fails to provide a jurisdictional basis for removal. Although removal under this clause is available to state officers, blanket protection is not afforded.
 
 
 19
 [T]his provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues. ... While the individual [Appellants, as employees of Jefferson County,] are arguably state officers, no one has attempted, or even threatened, to punish them for refusing to do any act inconsistent with any law providing equal rights. Rather, it is the [Appellees] here who claim that the[ir] rights are being violated by the actions of [Appellants].
 
 
 20
 Detroit Police Lts, supra at 568 (emphasis added). Therefore, the second clause of Sec. 1443(2) is not available to Appellants and removal thereunder is improper.
 
 
 21
 A determination that this court is precluded by 28 U.S.C. Sec. 1447(d) from reviewing the district court's remand order is not dispositive of the reviewability issue. Instead, Sec. 1447(d) must be construed in conjunction with Sec. 1447(c).[2] The necessity for concurrent consideration of these two sections was stated in Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). In that case, the Supreme Court reversed the Sixth Circuit's denial of Defendants' petition for mandamus or prohibition, which had claimed that the action had been properly removed and that the United States District Court for the Eastern District of Kentucky had no authority to remand the case on the ground it asserted: that the district court's overcrowded docket would unjustly delay the plaintiffs' proceeding to trial on the merits. Among other things, the Supreme Court held: "[O]nly remand orders issued under Sec. 1447(c) and invoking the grounds specified therein--that removal was improvident and without jurisdiction--are immune from review under Sec. 1447(d)." Id. at 584.
 
 
 22
 On April 25, 1986, the district court in the case at bar entered a memorandum opinion granting Appellees' motion for remand. The ground relied upon by the district court was that Appellants' attempt to remove following the adverse rulings of the Jefferson Circuit Court, the Court of Appeals and Supreme Court of Kentucky, and the United States Supreme Court, was untimely.
 
 
 23
 Failure to comply with the time limitations of Sec. 1446(b)[3] constitutes "improvident" removal within the meaning of 28 U.S.C. Sec. 1447(c). London v. United States Fire Ins. Co., 531 F.2d 257 (5th Cir.1976); Jennings v. Cantrell, 392 F.Supp. 563 (E.D.Tenn.1974). Where, as here, the district court's remand order is based upon statutorily authorized grounds (i.e., the untimeliness of the removal petition), this court is without jurisdiction to review the merits of said order through appeal or otherwise.[4] Robertson v. Ball, 534 F.2d 63, 65 (5th Cir.1976) (per curiam). Accordingly,
 
 
 24
 APPEAL DISMISSED.
 
 
 
 *
 Honorable Anna Diggs Taylor, U.S. District Court, Eastern District of Michigan, Southern Division, sitting by designation
 
 
 [1]
 In Georgia v. Rachel, supra at 792, the Supreme Court specified that removal under 28 U.S.C. Sec. 1443(1) was restricted to "civil rights cases stated in terms of racial equality." Sections 1443(1) and (2), although formulated differently, were enacted as part of the Civil Rights Act of 1866. Therefore, by analogy, removal under Sec. 1443(2) should also be restricted to civil rights cases stated in terms of racial equality. Appalachian Volunteers, Inc. v. Clark, 432 F.2d 530, 535 (6th Cir.1970) (footnote omitted)
 
 
 [2]
 28 U.S.C. Sec. 1447(c) provides:
 If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.
 
 
 [3]
 28 U.S.C. Sec. 1446(b) provides:
 The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
 
 
 [4]
 Even if the remand order had been based on grounds other than those provided by 28 U.S.C. Sec. 1447(c), the court would be without jurisdiction to review the order because Appellants have taken an improper avenue of review. "[T]he Supreme Court in Thermtron specifically held that mandamus rather than direct appeal is the only remedy to require the District Court to entertain the remanded action." London v. United States Fire Ins. Co., 531 F.2d at 259 (emphasis added), citing, Thermtron, 423 U.S. at 352. Accord In re Romulus Community Schools, 729 F.2d 431, 435 (6th Cir.1984)