**Sharon Haas CRAIN, etc.**

v.

**Rebecca CRAIN, etc.**

**Civ. A. No. 87–3244.**

United States District Court, E.D. Louisiana.

July 26, 1987.

Sharon Haas Crain, pro se.

## MEMORANDUM OPINION

MENTZ, District Judge.

Sharon Haas Crain filed a removal petition in the above-captioned matter to remove the succession of Eros Crosby Crain, Jr. from the Twenty-Second Judicial District Court, Parish of St. Tammny, Louisiana to this Court. She alleges in her petition that she is the "defendant" in the state court succession proceedings, that this Court has original federal question jurisdiction of her claim brought pursuant to 42 U.S.C. § 1983 based on various and several violations of her civil rights occurring in the course of the succession proceedings, and that removal is properly made under 28 U.S.C. § 1441 and § 1443. After carefully reviewing the petition, the record, and the applicable law, the Court finds that the above-captioned matter was removed improvidently and without jurisdiction, and must be remanded in accordance with 28 U.S.C. § 1447(c).

A suit must be within the original jurisdiction of the federal district court to be removable under 28 U.S.C. § 1441. The federal courts have determined that there is no original federal jurisdiction to probate a will or administer an estate, even where diversity jurisdiction exists. *See Turton v. Turton*, 644 F.2d 344, 347 (5th Cir.1981); *cf. Cook v. Winters*, 645 F.Supp. 158, 159 (S.D.Tex.1986); *Matter of Marriage of Smith*, 549 F.Supp. 761, 764 (W.D.Tex. 1982).

A federal court may not probate a will nor undertake the administration of an estate, but if diversity or some other basis for jurisdiction is present, the federal court can entertain actions against administrators, executors, and other claimants in which *plaintiffs* seek to establish their claims against an estate *so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.* (Emphasis added). Wright, *Law of Federal Courts*, § 25 at 98 (1976) (quoting *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946)); 13B Wright, Miller, Cooper, *Federal Practice and Procedure* § 3610 (1984).

There can be no doubt that removal of the succession of Eros Crosby Crain to this Court would violate the caveat quoted above.

Removal under 28 U.S.C. § 1443(1) and (2) is restricted to situations arising under laws conferring specific civil rights stated in terms of racial equality. "Broad first amendment or fourteenth amendment claims do not satisfy the test, nor do claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983." *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir.1983); *Appalachian Volunteers, Inc. v. Clark*, 432 F.2d 530, 535 (6th Cir.1970), *cert. denied*, 401 U.S. 939, 28 L.Ed.2d 219, 91 S.Ct. 936 (1971). Petitioner has alleged that her civil rights were violated by illegal search and seizure, double jeopardy, denial of due process of law, denial of a right to a fair trial, denial of a trial by jury, denial of access to the courts, and cruel and unusual punishment. She has not alleged that these violations were racially motivated.

In accordance with the foregoing, petitioner's removal under both 28 U.S.C. §§ 1441 and 1443 must fail. The Court need not address other questions regarding the propriety of removal, such as whether petitioner is a "defendant" entitled to removal in accordance with §§ 1441, 1443 and 1446(a) and whether the petition was timely filed considering that the succession has been pending approximately ten years.

Accordingly,

IT IS ORDERED that the above-captioned matter be REMANDED to the Twenty-Second Judicial District Court, Parish of St. Tammany, Louisiana, pursuant to 28 U.S.C. § 1447(c).