869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J.M. HUBER CORPORATION, Plaintiff-Appellee,
v.
Dolph ROBERTS, Defendant-Appellant,
Orphine Roberts, River States Company, Defendants.
 No. 88-6160.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1989.
 
 Before KEITH, BOYCE F. MARTIN and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 In September 1982 appellant, Dolph Roberts, was named as a defendant in a civil action for trespass to real property brought by appellee, J.M. Huber Corp., in the Chancery Court for Marion County, Tennessee. That proceeding culminated in a bench trial which resulted in a judgment in favor of appellee. Appellant then sought review of that decision by the Tennessee Court of Appeals. Before that court could act upon the appeal, however, appellant obtained the removal of the case to the District Court for the Middle District of Tennessee pursuant to 28 U.S.C. Secs. 1441 and 1443. As the basis of his petition for removal, he maintained that federal jurisdiction was proper because the state proceedings had been conducted in violation of his civil rights. The district court, however, ordered that the case should be remanded to the appropriate state court due to appellant's failure to comply with the procedures governing petitions for removal set forth in 28 U.S.C. Sec. 1446(b). This appeal ensued.
 
 
 3
 Upon review of the record, this court has concluded that it may not address the merits of the appeal due to the want of appellate jurisdiction. In particular, inspection of the notice of appeal indicates that appellant Roberts did not personally sign that document. Nor did a qualified attorney prepare and file the notice of appeal on his behalf. Instead, C.N. Hancock, a non-attorney claiming authority to represent appellant by virtue of a grant of power of attorney, took that action.
 
 
 4
 That action by Hancock on behalf of appellant simply is ineffective to give rise to appellate jurisdiction. 28 U.S.C. Sec. 1654 specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. The statute clearly makes no provision for a non-attorney's representation of others. Hancock's preparation and filing of the notice of appeal in this case is in violation of that rule. As a result, the notice of appeal is without effect and the court therefore lacks jurisdiction. Theriault v. Silber, 579 F.2d 302 n. 1 (5th Cir.1978), cert. denied, 440 U.S. 917 (1979); Scarrella v. Midwest Sav. and Loan, 536 F.2d 1207, 1209 (8th Cir.), cert. denied, 429 U.S. 885 (1976); McKinney v. DeBord, 507 F.2d 501, 503 (9th Cir.1974).
 
 
 5
 Furthermore, this court also lacks jurisdiction because appellant has filed a notice of appeal from a nonappealable order. Unless the case has been removed to federal court pursuant to 28 U.S.C. Sec. 1443, all orders directing its remand to state court simply are not subject to review on appeal. 28 U.S.C. Sec. 1447(d). Appellant clearly cannot base the petition for removal upon 28 U.S.C. Sec. 1443 as that statute is applicable only to those situations in which the particular civil right that might be impaired should the case remain in state court is one stated in terms of racial equality. Georgia v. Rachel, 384 U.S. 780, 792 (1966); Appalachian Volunteers, Inc. v. Clark, 432 F.2d 530, 535 (6th Cir.1970), cert. denied, 401 U.S. 939 (1971). As appellant did not base his petition for removal upon the denial of such a right, he must rely upon one of the other statutes permitting such relief. Orders remanding cases removed pursuant to those other statutes are not appealable. This court, therefore, lacks jurisdiction over the instant appeal.
 
 
 6
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.